# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

TERRY LYNN DUNN-FISCHER,
    Plaintiff,

v.         Case No.: _____

FIRST CHARLOTTE A.C. & REFRIGERATION, INC., et al.,
    Defendants.

## EXHIBIT INDEX AND COVER SHEET

Pursuant to the Foundational Documents and Exhibits section of the Complaint, this index identifies all exhibits referenced and incorporated by reference therein, and specifies which exhibits are physically attached to the Complaint as filed versus which exhibits consist of public records, official court records, or county records already part of the record in Charlotte County Case No. 22-000945-CC and Sixth District Court of Appeal Case No. 6D2026-0615, available to the Court and to Defendants upon request, subject to judicial notice under Fed. R. Evid. 201, or producible in the ordinary course of discovery. This action is not a relitigating of the underlying state court HVAC dispute; the exhibits physically attached were selected specifically because they bear directly on the distinct federal claims asserted in this action.

| Exhibit | Description | Status | Notes |
|---|---|---|---|
| A | AI-Assisted Transcript of September 25, 2025, ADA Accommodation Hearing | **AVAILABLE UPON REQUEST** | Part of the Sixth DCA appellate record |
| B | DIN 120 — Request for Reasonable Accommodation, filed July 14, 2025 | **ATTACHED** | ADA Title II counts |
| C | DIN 148 — Notice of Hearing, filed September 2, 2025 | **AVAILABLE UPON REQUEST** | Part of the state court record |
| D | DIN 159 — Official Court Minutes of September 25, 2025 Hearing | **ATTACHED** | ADA Title II counts; Powell conduct |
| E | Charlotte County Complete Permit History for Permit No. 20220729013 | **ATTACHED** | |
| F | Authenticated Text Thread Screenshots (Composite Exhibit A to Authentication Affidavit) | **ATTACHED** | |
| G | Affidavit of Terry Lynn Dunn-Fischer in Support of Authentication of Text Message Evidence | **ATTACHED** | |
| H | McNulty July 14, 2025 Written Admission | **AVAILABLE UPON REQUEST** | Public record |
| I | Bailey March 18, 2026 Final Written Refusal | **AVAILABLE UPON REQUEST** | Public record |

| Exhibit | Description | Status | Notes |
|---|---|---|---|
| J | Stasio September 27, 2023 Letter | **AVAILABLE UPON REQUEST** | Public record |
| K | Sunbiz Annual Reports 2022–2024 (Darlene Cellamare Title Progression) | **AVAILABLE UPON REQUEST** | Sunbiz public record, DIN 303 |
| L | Objection to Mediation Fees, December 5, 2025, with Composite Exhibits A–B | **ATTACHED** | |
| M | Plaintiff's Verified Charlotte County Notice Chain, August 2022–September 2023, Composite Exhibits M-1 through M-6 | **ATTACHED** | |
| N | Notice of Commencement, OR Book 5018, Page 473, INSTR #3127655, recorded July 14, 2022 at 9:17 AM — notarized July 13, 2022 by Carmen C. Thompson (Comm. HH 235773) | **ATTACHED** | Key §117.105 false notarization instrument |
| O | Claim of Lien, OR Book 5029, Pages 1487–1488, INSTR #3136320, recorded Aug. 4, 2022 — signed by Darlene Cellamare as "Manager"; notarized by Gayle Lube (Comm. #GG 316657); "Document produced by: Taylor Cellamare, Office Manager" | **ATTACHED** | §713.31 fraudulent lien; Darlene authority defect |
| P | Contractor's Final Payment Affidavit, signed August 19, 2022 by Darlene Cellamare as "Manager"; notarized by Gayle Lube (Comm. #GG 316657); falsely certifies all subcontractors paid and no liens outstanding | **ATTACHED** | RICO predicate act; §1343 wire fraud |

**Summary: 10 exhibits physically attached (B, D, E, F, G, L, M, N, O, P). 6 exhibits available upon request (A, C, H, I, J, K).**

Respectfully submitted,

/s/ Terry Lynn Dunn-Fischer
**TERRY LYNN DUNN-FISCHER**
Pro Se Plaintiff
ADA Accommodation DIN 159
820 Conreid Drive NE
Port Charlotte, Florida 33952
(941) 977-9010
dunnfischer@aol.com
Date: July 1, 2026

RE: Attached is a copy of my filed Request for ADA Accommodation Under Title II of the Americans with Disabilities Act – Dyslexia-Case # 220000945CC

From:   Embury, Jon (jembury@ca.cjis20.org)

To:     dunnfischer@aol.com

Date:   Tuesday, July 22, 2025 at 01:23 PM EDT

Good Afternoon,

Thank you for the courtesy copy. I also see in the court file that a request for recusal was filed. Once the outcome of the recusal motion is determined, we will finalize your accommodation requests with the assigned court.

Thank you

Jon Embury
Administrative Services Manager
Administrative Office of the Courts
Twentieth Judicial Circuit
Charlotte County Justice Center
350 East Marion Ave 3350
Jembury@ca.cjis20.org

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Monday, July 14, 2025 9:49 AM
**To:** Embury, Jon <JEmbury@CA.CJIS20.ORG>
**Subject:** Attached is a copy of my filed Request for ADA Accommodation Under Title II of the Americans with Disabilities Act – Dyslexia-Case # 220000945CC

*** WARNING: This is an EXTERNAL email. DO NOT open attachments or click links from UNKNOWN or UNEXPECTED email. ***

Dear Sir,

Good morning,

I am reaching out to advise you that I have filed a formal Request for reasonable accommodations under the ADA in this court this morning, seen as [DIN120]

Case 2:26-cv-02121-SPG-KRH   Document 1-1   Filed 07/01/26   Page 4 of 96  PageID 160

I am emailing you a attached, courtesy copy.

Thank you, for your attention to this matter.

I am not stupid, I have Dyslexia, I am gullible and vulnerable, but Not an idiot.

Terry Dunn-Fischer

On Thursday, July 10, 2025 at 01:24:28 PM EDT, Embury, Jon <jembury@ca.cjis20.org> wrote:

## Good Afternoon,

Thank you for the letter. We are currently working on a plan of action for your requested accommodations. I will develop this plan in consultation with my 20th Judicial Circuit ADA coordinators team, and a response is

forthcoming. Please give me a few days to work on this.

## Thank you

## Jon

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Wednesday, July 9, 2025 6:02 PM
**To:** Embury, Jon <JEmbury@CA.CJIS20.ORG>
**Subject:** Request for ADA Accommodation Under Title II of the Americans with Disabilities Act – Dyslexia-Case # 220000945CC

\*\*\* WARNING: This is an EXTERNAL email. DO NOT open attachments or click links from UNKNOWN or UNEXPECTED email. \*\*\*

Dear Mr. Embury,

Attached please find the letter you are requesting,

Thank you for your attention to this matter.

Terry Dunn-Fischer

DiN 120

# IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR CHARLOTTE COUNTY, FLORIDA
### CIVIL DIVISION

FIRST CHARLOTTE A.C.&
REFRIGERATION, INC.,
a Florida Corporation,

Plaintiff/Counter-
Defendant

v.                                                   Case No.: <u>22000945CC</u>

TERRY L. DUNN-FISCHER,

Defendant/Counter-Plaintiff
_____/

## <u>REQUEST FOR REASONABLE ACCOMMODATION UNDER RULE 2.540</u>
## <u>AND THE AMERICANS WITH DISABILITIES ACT (ADA)</u>

COMES NOW, the undersigned TERRY DUNN-FISCHER, a pro se litigant, and respectfully requests a reasonable accommodation pursuant to Rule 2.540 of the Florida Rules of General Practice and Judicial Administration and Title II of the Americans with Disabilities Act (ADA). In support of this request, I state the following:

1. I am a self-represented litigant in the above-captioned matter.
2. I have a disability—**dyslexia**, a language-based learning disability—which affects my ability to process complex written and spoken legal information in real-time during court proceedings.
3. I respectfully request permission to use a real-time, private **AI language assistant (ChatGPT)** on my personal device (smartphone, tablet, or laptop) during all court proceedings, including but not limited to:
   o Case management conferences
   o Hearings
   o Trials
   o Pretrial conferences
   o Settlement discussions

1



"EXhibit B"

4. The AI tool will be used solely as an assistive communication aid to help me understand, interpret, and respond to legal material in real time. It will **not** be used to record, broadcast, or interfere with court decorum. .

5. This request is narrowly tailored to allow me equal access and meaningful participation in court, consistent with the protections afforded under Rule 2.540 and the ADA.

WHEREFORE, I respectfully request that the Court grant this reasonable accommodation and permit the use of assistive technology (ChatGPT) during all court-related proceedings in this case.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Plaintiff's attorney of record, Roger Miller, ESQ, at 99 Nesbit Street, Punta Gorda, Florida 33950, on this 14th Day of July 2025.

Terry Dunn-Fischer, *Pro Se*
820 Conreid Dr. NE
Port Charlotte, Florida 33952
941-977-9010
dunnfischer@aol.com

**IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA**

### COUNTY COURT MINUTES

JUDGE: Powell    CASE: 8294 5CC

DEPUTY CLERK: Deni    DATE: 9/25/25

COURT REPORTER: _____    BAILIFF: Boddi

ATTORNEYS:
Miller

First Charlotte A.C. +
Refrigeration, Inc.    Present (Y) N

PLAINTIFF    Present  Y  N    Present  Y  N

Terry Dunn-Fischer    Present  Y  N

DEFENDANT    Present (Y) N    Present  Y  N

MOTIONS:

1. ADA Hearing    ☐ GRANTED  ☐ DENIED  ☐ RESERVED  ☐ WITHDRAW
2. _____    ☐ GRANTED  ☐ DENIED  ☐ RESERVED  ☐ WITHDRAW
3. _____    ☐ GRANTED  ☐ DENIED  ☐ RESERVED  ☐ WITHDRAW
4. _____    ☐ GRANTED  ☐ DENIED  ☐ RESERVED  ☐ WITHDRAW

Case Called: 1:37

John Embury - Court Admin

(C) Questions Fischer
Fischer Responds
    Assited technology

Fischer ADA rights and accomodations are private

(C) disagrees

Fischer - presents motion

(C) addresses Fischer on accomodations
Fischer Responds

Page 1 of 3

"Exhibit D"

CASE NUMBER: _22945cc_      DATE: _9/25/25_

1:42 (C) Grants motion

(C) Status check, Parties conducted mediation

Miller - Responds have not mediated
     Request via email for depo

Fischer - Responds - Contacted a year ago
     for 4hr block

(C) refers to Fischer on depo

Miller - Responds, Request 4hrs
     doesn't mean it will take that long

(C) Refers to unheard motions complaint
     counted 8 unheard motions. Must
     reach out to schedule motions
     Questions trial in December

Miller - Responds, believes its possible

Fischer - Responds on motions, need to be
     heard before moving heard

(C) Have dates in November

Miller - has motions as well, believe two motions

(C) each ~~two~~ side to do own notice of
     hearing for motions, can appear via zoom

CASE NUMBER: 22 945 CC                DATE: 9/25/05

1:51  Fischer - Request to call in for Pretrial

⓵ can call in
Nov 7 @ 9:30 am - 1 hr
Nov 14 @ 9:30 am - 1 hr
Nov 20 @ 1:30 pm 1 hr
Nov 21 @ 9:00 am 1 hr
Nov 24 @ 9:30 am 1 hr

- Notice of hearing with DIN number and name of motions needing to be heard

- Parties to confer on dates

⓶ questions Jury trial

Fischer have no waived it

Miller - Never requested or plead for Jury trial

1:56  ⓸ Will addresses in October

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

TERRY LYNN DUNN-FISCHER,
    Plaintiff,

v.        Case No.: _____

FIRST CHARLOTTE A.C. & REFRIGERATION, INC., et al.,
    Defendants.

# EXHIBIT E

## Charlotte County Complete Permit History

Permit No. 20220729013

820 Conreid Drive NE, Port Charlotte, Florida 33952

## COMPOSITE EXHIBIT — TWO PARTS

**Exhibit E-1**

Charlotte County Complete Permit History Print — Conditions Page showing CC PERMIT condition entry by Jill Barber, dated July 12, 2022, with verbatim instruction: "UPLOAD NOC. THEN, EMAIL ONLINEPERMITTING@CHARLOTTECOUNTYFL.GOV TO HAVE LOCK REMOVED" — Status: Released. Establishes that Charlotte County's permitting system released the permit lock on July 12, 2022 upon upload of the unnotarized Notice of Commencement, one day before Carmen C. Thompson's notarization (July 13, 2022) and two days before recording (July 14, 2022 at 9:17 AM).

**Exhibit E-2**

Charlotte County Complete Permit History Print — Inspections Page showing Transaction 945 HVAC Final inspection entries for August 5, 8, 9, and 10, 2022, including the August 8, 2022 entry by Deputy Building Official Jack D. McStravic: "Scop of work was adding Condition Air to an Existing Non Condition Air Building (Residential). Per FBC Existing Building is a Level 2 Alteration and needs to comply with FBC Energy Conservation R403.7." Constitutes official written admission that the scope of work was a new installation in a previously unconditioned space, directly contradicting the Level 1 Replacement permit classification.

/s/ Terry Lynn Dunn-Fischer
**TERRY LYNN DUNN-FISCHER**
Pro Se Plaintiff | ADA Accommodation DIN 159
820 Conreid Drive NE, Port Charlotte, Florida 33952
Date: July 1, 2026



## Charlotte County Government
### Community Development

# COMPLETE PERMIT HISTORY PRINT

| | |
|---|---|
| Permit No. **20220729013** | **Permit Type / Sub-Type** : Trade Permits / Residential / Mechanical |
| | **Application Status** : Closed |
| Date Issued  07/11/2022 | **Issued By : ADMIN ADMIN** |

**Master Permit :**

**Description of Work**  Install 2-ton split system and duct work

**Job Address:**  820  CONREID, PORT CHARLOTTE, FL 33952

| Section: 27 | Township: 40 | Range: 22 | Parcel ID: 402227285006 |
|---|---|---|---|

| Lot/Block: 0004/2108 | Subdivision: PCH |
|---|---|

| **SETBACKS** | **Front :** | **Rear :** | **Right :** | **Left :** |
|---|---|---|---|---|

**Owner Name :**  DUNN-FISCHER TERRY LYNN

**CONTRACTOR**  FIRST CHARLOTTE AIR CONDITIONING & REFRIGERATION  Phone :  (941) 764-0005    Fax : (941) 505-9001

License # :  CAC057579

| | |
|---|---|
| Blower Door Certified : | CERT_NBR (From CDPlus) : 10060 |
| Policy Cancellation Date : | Company Phone Number : 9412055900 |
| Exempt From Workman's Comp Requirements? : Y | Exemption Expires : 04/12/2024 |
| Cancelation Date : | Insurance Company : DYNAMIC INSURANCE AGENCY LLC |
| Insurance Company Phone : 9412055900 | Effective Date : 08/28/2021 |
| Expiration Date : 08/28/2022 | Policy Number : WC010006000702 |

| Contacts | Primary | Phone |
|---|---|---|
| | Y | 9417640005 |
| DUNN-FISCHER TERRY LYNN | N | |
| DUNN-FISCHER TERRY LYNN | N | |

## APPLICATION SPECIFIC INFO

### GENERAL

| | | | |
|---|---|---|---|
| Inspection Notification Options : | **Receive EMAIL and TEXT** | Receive-SMS : | **Yes** |
| Receive-email : | **Yes** | Expiration Date : | **2/6/2023** |
| Construction Cost : | **$8,759.00** | On-Line Permit? : | **Yes** |
| Flood Zone : | **9AE** | In SFHA : | **Yes** |

### REQUIRED HVAC INFORMATION

| | | | |
|---|---|---|---|
| Type of Work : | **Replacement** | Will electrical work be part of this job? : | **No** |
| Scope : | **Complete System** | Changes to Ductwork : | **Yes** |
| Package Unit? : | **No** | SEER : | **14.5** |
| KW : | **5** | Tons : | **2** |
| Electric or Gas Installation? : | | | |

## WORKFLOW STATUS/COMMENTS

| Action Date | Task | Status | Comment | By |
|---|---|---|---|---|
| 08/10/2022 | Finaled | Closed | | CARTAGENAJ |
| 07/11/2022 | Permit Issuance | Issued | Automated Issuance | PUBLICUSER138! |

## COMMENTS

**General Application**

*Exhibit E-1*



Charlotte County Government
Community Development

# COMPLETE PERMIT HISTORY PRINT

## SUBCONTRACTORS

License # :                    Type:

Phone:

## SUB-PERMITS

| Application # | Status | Type | Lic Prof # | DBA | Comment |
|---|---|---|---|---|---|

## FEES

| Fee Item | Fee Description | Fee Amt | Date | | Trans Type |
|---|---|---|---|---|---|
| 04RES | 2004 - RESIDENTIAL PERMIT FEE | $90.00 | 7/11/2022 | 3:05:57PM | Invoice FeeItem |
| 2010SURCH | 2010 Surcharge Fee | $4.00 | 7/11/2022 | 3:05:57PM | Invoice FeeItem |

## INSPECTIONS

| Trans # | Inspection Type | Date | Inspector | Status/Result | Result/Date | |
|---|---|---|---|---|---|---|
| 945 | HVAC Final | 08/05/2022 | Jeremy Cartagena | Cancelled by County | DENIED | 08/05/2022 |
| | | | Comment : | | | |
| 945 | HVAC Final | 08/05/2022 | Jeremy Cartagena | Cancelled by County | DENIED | 08/05/2022 |
| | | | Comment : | Per Homeowner: is going to speak with contractor about adding a supply and placement of T-Stat and would inspection after additional work is complete. | | |
| 945 | HVAC Final | 08/08/2022 | Jeremy Cartagena | Fail without Fee | DENIED | 08/08/2022 |
| | | | Comment : | No additional work being done for customer. Please finalize inspection. Thank you. | | |
| 945 | HVAC Final | 08/08/2022 | Jeremy Cartagena | Fail without Fee | DENIED | 08/08/2022 |
| | | | Comment : | Per Deputy Building Offical: Scop of work was adding Condition Air to an Existing Non Condition Air Building (Residentail). Per FBC Existing Building is a Level 2 Alteration and needs to comply with FBC Energy Conservation R403.7 Heating and Cooling Equipment. All information needed for this section is to be submitted to the building Dept and attached to Permit. R403.7 | | |
| 945 | HVAC Final | 08/09/2022 | Jeremy Cartagena | Cancelled by Applicant | DENIED | 08/09/2022 |
| | | | Comment : | | | |
| 945 | HVAC Final | 08/10/2022 | Jeremy Cartagena | Approved as Noted | APPROVED | 08/10/2022 |
| | | | Comment : | | | |
| 945 | HVAC Final | 08/10/2022 | Jeremy Cartagena | Approved as Noted | APPROVED | 08/10/2022 |
| | | | Comment : | Additional information was submitted to the Building Office and approved. | | |



Charlotte County Government
Community Development

# COMPLETE PERMIT HISTORY PRINT

### CONDITIONS

| Condition Type | Description | Status | Date | Severity | By |
|---|---|---|---|---|---|
| **CC PERMIT** | UPLOAD NOC. THEN, EMAIL ONLINEPERMITTING@CHARLOTTECOUNTYFL.GOV TO HAVE LOCK REMOVED | Released | 07/12/2022 | | Jill Barber |



## 20220729013 - R Mechanical On-line Permit

A notice was added to this record on 2024-12-23.
Condition. TAYLOR CELLAMARE AGENT : Severity: Notice
Total conditions: 2 (Notice: 2)

**View notice**

| | New | Look Up | Manage Documents | Help | Refresh |
|---|---|---|---|---|---|

◉ Record Attachments   ○ People Attachments

| | File Name | Entity Type | Category | Description | Size | Type | Inspection | Modified Date | Record Type Alias | Alternate ID | Modifier |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | 820 Conreid Dr... | Record | Notice of Commencement | NOC - 820 Conre... | 79.82 KB | applicati... | | 07/14/2022 | | | firstchari |
| ☐ | coolcalc-mj8-re... | Record | Supporting Documentation | Manual J load c... | 785.98 KB | applicati... | | 08/08/2022 | | | firstchari |
| ☐ | Duct layout, dr... | Record | Supporting Documentation | Duct layout, 82... | 429.05 KB | applicati... | | 08/08/2022 | | | firstchari |
| ☐ | JobCard_main_20... | Record | Documents | | 78.54 KB | applicati... | | 06/18/2025 | | | rmiller |
| ☐ | JobCard_main_20... | Record | Documents | | 78.54 KB | applicati... | | 06/18/2025 | | | rmiller |
| ☐ | JobCard_main_20... | Record | Documents | | 78.54 KB | applicati... | | 06/18/2025 | | | rmiller |
| ☐ | JobCard_main_20... | Record | Documents | | 78.54 KB | applicati... | | 06/18/2025 | | | rmiller |
| ☐ | JobCard_main_20... | Record | Documents | | 78.54 KB | applicati... | | 06/18/2025 | | | rmiller |
| ☐ | JobCard_main_20... | Record | Documents | | 78.54 KB | applicati... | | 06/18/2025 | | | rmiller |

Complete Permit history from
CC-Code office
obtained
2-25-26.

Exhibit E-2



Charlotte County Government
Community Development

# COMPLETE PERMIT HISTORY PRINT

Permit No. **20220729013**    Permit Type/Sub-Type: Trade Permits / Residential / Mechanical
                              Application Status: Closed

Date Issued: 07/11/2022    **Issued By:** ADMIN ADMIN

**Master Permit:**

**Description of Work:** Install 2-ton split system and duct work

| Job Address: | 820 Conreid Dr, Port Charlotte, Fl, 33952 | | | | |
|---|---|---|---|---|---|
| Section: 27 | Township: 40 | Range: 22 | | Parcel ID: 402227285006 | |
| Lot/Block: 0004 / 2108 | | Subdivision: PCH | | | |
| SETBACKS | Front: | Rear: | Right: | Left: | |

**Owner Name:** DUNN-FISCHER TERRY LYNN

**CONTRACTOR:** FIRST CHARLOTTE AIR CONDITIONING & REFRIGERATION INC          Phone :    (941) 764-0005

License #: CAC057579
Blower Door Certified :
Policy Cancellation Date :
Exempt From Workman's Comp Requirements? : Y
Cancelation Date :
Insurance Company Phone : 9412055900
Expiration Date : 08/28/2022

CERT_NBR (From CDPlus) : 10060
Company Phone Number : 9412055900
Exemption Expires : 04/12/2024
Insurance Company : DYNAMIC INSURANCE AGENCY LLC
Effective Date : 08/28/2021
Policy Number : WC010006000702

| Contacts | Primary | Phone |
|---|---|---|
|  | Y | 9417640005 |
| DUNN-FISCHER TERRY LYNN | N | |
| DUNN-FISCHER TERRY LYNN | N | |

## APPLICATION SPECIFIC INFO

### GENERAL

| | | | |
|---|---|---|---|
| Inspection Notification Options | **Receive EMAIL and TEXT** | Receive-SMS | Yes |
| Receive-email | Yes | Expiration Date | 2/6/2023 |
| Construction Cost | 8759 | On-Line Permit? | Yes |
| Flood Zone | 9AE | In SFHA | Yes |

### REQUIRED HVAC INFORMATION

| | | | |
|---|---|---|---|
| Type of Work | **Replacement** | Will electrical work be part of this job? | No |
| Scope | **Complete System** | Changes to Ductwork | Yes |
| Package Unit? | **No** | SEER | 14.5 |
| KW | **5** | Tons | 2 |
| Electric or Gas Installation? | | | |

### WORKFLOW STATUS/COMMENTS

| Acton Date | Task | Status | Comment | By |
|---|---|---|---|---|
| 8/10/2022 | Finaled | Closed | | CARTAGENAJ |

**INSPECTION**

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/10/2022 | 945 | HVAC Final | 8/10/2022 | Jeremy Cartagena | Approved as Noted | APPROVED |

Comment:

### WORKFLOW STATUS/COMMENTS

| Acton Date | Task | Status | Comment | By |
|---|---|---|---|---|
| 8/10/2022 | Finaled | Closed | | CARTAGENAJ |

**INSPECTION**



## Charlotte County Government
## Community Development

# COMPLETE PERMIT HISTORY PRINT

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/10/2022 | 945 | HVAC Final | 8/10/2022 | Jeremy Cartagena | Approved as Noted | APPROVED |

Comment: Additional information was submitted to the Building Office and approved.

**INSPECTION**

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/9/2022 | 945 | HVAC Final | 8/9/2022 | Jeremy Cartagena | Cancelled by Applicant | DENIED |

Comment:

**INSPECTION**

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/9/2022 | 945 | HVAC Final | 8/9/2022 | Jeremy Cartagena | Cancelled by Applicant | DENIED |

Comment:

**INSPECTION**

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/8/2022 | 945 | HVAC Final | 8/8/2022 | Jeremy Cartagena | Fail without Fee | DENIED |

Comment: No additional work being done for customer. Please finalize inspection. Thank you.

**INSPECTION**

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/8/2022 | 945 | HVAC Final | 8/8/2022 | Jeremy Cartagena | Fail without Fee | DENIED |

Comment: Per Deputy Building Offical. Scop of work was adding Condition Air to an Existing Non Condition Air Building (Residentail). Per FBC Existing Building is a Level 2 Alteration and needs to comply with FBC Energy Conservation R403.7 Heating and Cooling Equipment. All information needed for this section is to be submitted to the building Dept and attached to Permit. R403.7

**INSPECTION**

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/5/2022 | 945 | HVAC Final | 8/5/2022 | Jeremy Cartagena | Cancelled by County | DENIED |

Comment:

**INSPECTION**

| Result Date | Trans # | Inspection Type | Date | Inspector | Status/Result | Result |
|---|---|---|---|---|---|---|
| 8/5/2022 | 945 | HVAC Final | 8/5/2022 | Jeremy Cartagena | Cancelled by County | DENIED |

Comment: Per Homeowner: is going to speak with contractor about adding a supply and placement of T-Stat and would inspection after additional work is complete.

**WORKFLOW STATUS/COMMENTS**

| Acton Date | Task | Status | Comment | By |
|---|---|---|---|---|
| 7/11/2022 | Permit Issuance | Issued | Automated Issuance | PUBLICUSER13897 |

**COMMENTS**

General Application Comments

**SUBCONTRACTORS**

**SUBPERMITS**

| Application # | Status | Type | Lic Prof # | DBA | Comment |
|---|---|---|---|---|---|

**FEES**

| Fee Item | Fee description | Fee Amt | Date | Trans Type |
|---|---|---|---|---|
| 2010SURCH | 2010 Surcharge Fee | $4.00 | 7/11/2022 3:05:57 PM | Invoice FeeItem |
| 04RES | 2004 - RESIDENTIAL PERMIT FEE | $90.00 | 7/11/2022 3:05:57 PM | Invoice FeeItem |



Charlotte County Government
Community Development

# COMPLETE PERMIT HISTORY PRINT

**CONDITIONS**

| Condition Type | Description | Status | Date | Severity | By |
|---|---|---|---|---|---|
| **CC PERMIT** | UPLOAD NOC. THEN, EMAIL ONLINEPERMITTING@ CHARLOTTECOUNTYFL.GOV TO HAVE LOCK REMOVED | Released | 7/12/2022 | | Jill Barber |

TERRY DUNN FISCHER
820 CONRESS DR VE 33157

BD RM

BATH

NO DOOR

KITCHEN

10×0

6×4

MIXING BOX

ALT SUPPLY PLENUM

10"

10×6

10×6

6

BD RM

6

10×6

12×8

YEAR BUILT
1959

1040 SQ FT

FRONT DOOR

20×20 R/A
10×6 R/A
4" HONEYWELL FILTER ASSY.
12×8" SUPPLY IN PLENUM
10×6" SUPPLY IN PLENUM
10×6" SUPPLY IN PLENUM
10" FLEX FROM TOP OF PLENUM)
TO A MIXING BOX

*Not Dated*

Cool Calc

**Project Name:** 820 Conreid Dr.

**Address:** 820 Conreid Drive Northeast, Port Charlotte, FL

①

## OUTDOOR DESIGN CONDITIONS
Weather station: Venice Pier

#2

| | | | | |
|---|---|---|---|---|
| Summer Outdoor F: | [ ] | Summer Indoor F: [ ] | Design Grains: [ ] | Daily Range: [ ] |
| Winter Outdoor F: | [ ] | Winter Indoor F: [ ] | Cooling RH: [ ] | Elevation (Ft): [ ] |

## LOAD CALCULATION TOTALS
HVAC System: 2-ton straight cool split system

| | | | |
|---|---|---|---|
| Heated square footage: | [ ] | Heating BTUH: | [ ] |
| Cooled square footage: | [ ] | Cooling BTUH: | [ ] |
| Heated volume (above grade CF): | [ ] | CFM: | [ ] |
| Cooled volume (above grade CF): | [ ] | Sensible cooling: | [ ] |
| Exposed wall area (SF): | [ ] | Latent cooling: | [ ] |
| | | SHR: | [ ] |



Load Calculation

## Approved ACCA MJ8 Calculations

Calculations are based on the ACCA Manual J 8th Edition and are approved by ACCA. All computed calculations are estimates on building use, weather data, and inputted values such a R-Values, window types, duct loss, etc. Equipment selections should meet both the latent and sensible gain as well as building heat loss.



# EXHIBIT — HVAC GUY TEXT THREAD TIMELINE
## First Charlotte A.C. & Refrigeration, Inc.
+1 (941) 241-2230
June 22, 2022 through August 10, 2022
*Original Device — Preserved in Airplane Mode*

*NOTE: Teal/green bubbles = outgoing messages from Terry Lynn Dunn-Fischer. White/light bubbles = incoming messages from First Charlotte A.C. & Refrigeration, Inc. All messages documented from original device.*

## WEDNESDAY, JUNE 22, 2022
INCOMING — Joe from First Charlotte AC & Refrigeration, Inc.: "Hi Terry, Joe from First Charlotte AC & Refrigeration, Inc. is scheduled to arrive Fri, Jun 24 between 10:00am-12:00pm. Please call our office if you have questions, 941-764-0005."
*LEGAL NOTE: Joseph Cellamare personally identifying himself to Plaintiff and scheduling the June 24 site visit. Establishes Joseph's direct contact with Plaintiff from the inception of the transaction.*

## FRIDAY, JUNE 24, 2022
INCOMING (1:09 PM) — "...to arrive Fri, Jun 24 between 10:00am-12:00pm. Please call our office if you have questions, 941-764-0005." (continuation of June 22 message)
INCOMING (3:25 PM) — "Joe from First Charlotte [AC & Refrigeration, Inc.] is en route now. Please notify our office if you aren't available at this time, 941-764-0005."
*LEGAL NOTE: Joseph Cellamare personally visited the property on June 24, 2022 and observed it had never had central air conditioning — triggering mandatory professional obligations to produce Manual J, Manual S, and Manual D calculations. He produced none.*

## SATURDAY, JULY 2, 2022
OUTGOING (10:41 AM) — "I am still waiting for an estimate."
*LEGAL NOTE: Proves estimate had not been sent as of July 2, 2022. Refutes any claim of earlier contract formation. Estimate was not transmitted until July 5, 2022.*

## TUESDAY, JULY 5, 2022
INCOMING (8:27 AM) — "Click to view estimate from First Charlotte AC & Refrigeration, Inc.: https://pro.housecallpro.com/mobile_estimate/SpYif8GTwC"
*LEGAL NOTE: (1) Message says "Click to VIEW" — not approve, accept, or sign. (2) URL goes to pro.housecallpro.com — the contractor's PROFESSIONAL account domain, not a customer-facing approval portal. (3) No approval button, no E-SIGN disclosure, no customer authentication mechanism presented. This is the Housecall Pro wire fraud predicate — Predicate One.*

OUTGOING (1:13 PM) — "I agree"
OUTGOING (1:14 PM) — "But I have some questions"
OUTGOING (1:15 PM) — "Please have someone call me."
*LEGAL NOTE: Plaintiff's three texts in sequence prove: (1) "I agree" was not an unambiguous assent — it was immediately followed by questions and a request for a callback before any agreement was reached; (2) No customer-facing approval mechanism was presented — Plaintiff requested a phone call to discuss questions; (3) These texts preceded Taylor's "Approval received" transmission, confirming the contractor-side approval was entered before any customer assent was given. Miller's own Exhibit A to the Stay Response shows "Approval received" before Plaintiff's "Ok..ty" — this thread confirms the exact sequence.*

INCOMING (1:15 PM) — Taylor C. from First Charlotte AC & Refrigeration, Inc.: "Approval received. I will give you a call shortly to go over any questions and get this scheduled for you."

1

Exhibit F

*LEGAL NOTE: "Approval received" entered from contractor side at 1:15 PM — after Plaintiff's questions and callback request, before Plaintiff's "Ok..ty." Contractor-side entry, not customer authentication. Wrong legal name "Terry Dunn-Fischer" in Housecall Pro profile proves no identity verification. $10.00 discrepancy between platform record ($8,853.00) and Miller's stated amount ($8,863.00) proves manual entry, not automatic generation.*

OUTGOING (1:25 PM) — "Ok..ty"
*LEGAL NOTE: Plaintiff's "Ok..ty" came AFTER Taylor's "Approval received" — proving the approval was entered before any customer response. The sequence is: estimate link sent 8:27 AM → Plaintiff views, has questions, requests callback 1:13-1:15 PM → contractor enters "Approval received" 1:15 PM → Plaintiff responds "Ok..ty" 1:25 PM. The approval was a contractor-side act, not a customer action.*

## FRIDAY, JULY 8, 2022
INCOMING — "Hi Terry, Joe from First Charlotte AC & Refrigeration, Inc. is scheduled to arrive Tue, Aug 2 between 8:30am-10:30am. Please call our office if you have questions, 941-764-0005."
*LEGAL NOTE: Installation scheduled for August 2. Joseph Cellamare identified as the person scheduled — consistent with his role as qualifying agent — but the Housecall Pro invoice confirms Gary Battaglia and unlicensed workers performed the actual installation.*

## TUESDAY, AUGUST 2, 2022 — INSTALLATION DAY
INCOMING (8:24 AM) — "Gary from First Charlotte Charlotte AC & Refrigeration, Inc. is en route now. Please notify our office if you aren't available at this time, 941-764-0005."
*LEGAL NOTE: Gary Battaglia — listed on the Tropic Supply invoice as crew member — is the person sent to perform the installation, not Joseph Cellamare. Joseph is the licensed qualifying agent. Gary is an unlicensed worker. This text confirms unlicensed workers performed the installation.*

INCOMING (6:13 PM) — Taylor C. from First Charlotte AC & Refrigeration, Inc.: "Hi Terry, thanks for trusting First Charlotte AC & Refrigeration, Inc.. We'd love your feedback here: https://pro.housecallpro.com/review/RqtggsRQJV" (MMS)
*LEGAL NOTE: (1) First Charlotte sent a feedback/review request at 6:13 PM on installation day — before Plaintiff had even texted that the job was incomplete. (2) URL again goes to pro.housecallpro.com — contractor-PRO domain. (3) The "thanks for trusting us" message was sent while the installation was defective and incomplete — before the missing components were identified, before the living room supply drop absence was documented, before the failed inspection.*

OUTGOING (6:15 PM) — "This job is not complete"
OUTGOING (6:17 PM) — "I don't understand why you would leave when it's not complete."
*LEGAL NOTE: Plaintiff's contemporaneous written notice to contractor on installation day that the job was not complete. Taylor does not dispute the incompletion. The contractor's feedback request at 6:13 PM and Plaintiff's defect notice at 6:15 PM are two minutes apart — contractor claiming completion while Plaintiff is documenting incompletion on the same evening.*

## WEDNESDAY, AUGUST 3, 2022
OUTGOING (5:57 AM) — "I am looking for the wall insert that was removed and taken, without consent, it looked like this, see picture of whole and the unit." [MMS — two photographs: (1) wall opening showing where wall unit was removed; (2) the wall unit itself]
*LEGAL NOTE: (1) Plaintiff documenting that First Charlotte removed a wall unit from the property without her consent. (2) MMS photographs sent at 5:57 AM on the morning after installation — original contemporaneous photographic evidence. (3) The wall unit removal is relevant to Miller's "replacing wall-unit air conditioners" permit classification defense — if they replaced wall units, they took them. Plaintiff is documenting on August 3 that the wall unit was removed without consent.*

2

INCOMING (8:01 AM) — Taylor C. from First Charlotte AC & Refrigeration, Inc.: "Joe will be in contact with you today about this matter."
*LEGAL NOTE: Taylor acknowledges Plaintiff's complaint without disputing it. Deflects to Joseph — "Joe will be in contact today." Joseph returned to property August 3 but came to demand payment, not to inspect defects or remedy complaints.*

## THURSDAY, AUGUST 4, 2022 — LIEN FILING DAY
OUTGOING (11:11 AM) — "Fyi, I will be sending an email today, as advised by Charlotte county code enforcement investigator, to follow the proper protocol in giving you, adequate Notice, per florida statute 558, prior to filing a complaint against your license. He also said, in support of my position, that I should not pay you anything until the job, per the permit is complete, to meet code and that I am happy with the same."
*LEGAL NOTE: (1) Contemporaneous written documentation of Charlotte County Code Enforcement investigator's advice — sent to contractor at 11:11 AM on the day received. (2) Call log confirms calls to Charlotte County Code Enforcement at 941-764-0005 (7:56 AM August 3) and 941-743-1544 (August 3). (3) Investigator advised: give Chapter 558 notice; do not pay until job complete per permit and to satisfaction. (4) Lien filed approximately 12:30 PM same day — within approximately 79 minutes of this text. First Charlotte's response to statutory defect notice was a retaliatory lien, not an offer to cure.*

INCOMING — Taylor C. from First Charlotte AC & Refrigeration, Inc.: "Again, Terry, the work that was proposed for you, that you accepted, was completed. Taylor C." [followed by correction at 11:13 AM: "you*"]
*LEGAL NOTE: Taylor asserting completion at the same time the lien was being prepared for filing. Taylor claims the work "was completed" while the August 5 inspection had not yet occurred, while Plaintiff had documented missing components since August 3, and while the living room had zero supply drops. Taylor's completion claim is contradicted by the August 5 failed inspection — the county's own record.*

INCOMING (2:56 PM) — Taylor C. from First Charlotte AC & Refrigeration, Inc.: "Terry, an email has been sent to you notifying you of the HVAC final inspection that is scheduled to be completed tomorrow. Someone will need to be home until the Charlotte County inspector is finished with the inspection. Below is inspection appointment verification." [MMS — Charlotte County permit portal showing Permit 20220729013, Residential Mechanical, Record Status: Issued, Upcoming Inspections (1)]
*LEGAL NOTE: (1) Inspection scheduled for August 5 — the day after the lien was filed. (2) MMS shows Charlotte County permit portal — Permit 20220729013, Residential Mechanical, Record Status: Issued. (3) Taylor is communicating directly with the county permit system and transmitting the inspection confirmation to Plaintiff. (4) The lien was filed at approximately 12:30 PM and the inspection confirmation was sent at 2:56 PM the same day — First Charlotte filed the lien and then scheduled the inspection in the same afternoon.*

## FRIDAY, AUGUST 5, 2022 — FAILED INSPECTION DAY
OUTGOING (8:27 AM) — "What time are they coming today, please advise."
INCOMING (7:39 AM) — Taylor C.: "They do not give specific times, unfortunately."
OUTGOING (7:41 AM) — "I will reach out to see."
OUTGOING (11:56 AM) — "Inspectors have come and I am requesting a copy of their report for my records, since I am being billed for the same, you can email it to me at dunnfischer@aol.com, thank you. Terry"
*LEGAL NOTE: (1) Plaintiff requested the inspection report in writing on August 5, the day of the failed inspection. That request was never fulfilled. (2) "Since I am being billed for the same" — Plaintiff requesting documentation of what she is being charged for. (3) The inspection failed August 5. The county's own record confirms failure. Neither First Charlotte nor Charlotte County told Plaintiff the inspection failed due to permit misclassification and missing mandatory documentation.*

3

## MONDAY, AUGUST 8, 2022 — COOLCALC SUBMISSION AND FRAUDULENT ACCEPTANCE DAY

INCOMING (3:25 PM) — Taylor C. from First Charlotte AC & Refrigeration, Inc.: "Good afternoon Terry, the Charlotte County inspector will need to return to finish inspecting the ac system and duct work. The permit should be finalized when he is complete. Below is verification of the inspection appointment. He will be returning tomorrow August 9th. Please have someone available to let him in. Thank you." [MMS — Charlotte County permit portal]

*LEGAL NOTE: (1) Taylor says inspector needs to return to finish inspecting — NOT that the inspection failed. Concealment of the failed inspection from Plaintiff. (2) Taylor specifically identifies "ac system AND duct work" — party admission that ductwork was installed. A Level 1 Replacement permit does not authorize new ductwork. New ductwork requires a Manual D duct design document. No Manual D was ever submitted. Taylor's own text confirms new ductwork was installed under a permit that did not authorize it and without the required Manual D documentation. (3) "The permit should be finalized when he is complete" — framing reinspection as a formality, not a correction requirement. (4) This text was sent the same day McStravic accepted the CoolCalc and directed finalization — Taylor knows the administrative acceptance has occurred before the physical reinspection.*

## TUESDAY, AUGUST 9, 2022

OUTGOING (6:17 AM) — "Please advise them I can be here at 4pm, today."

INCOMING (6:17 AM) — Taylor C.: "That will not work. Someone will need to be home all day, as they do not give scheduled times."

OUTGOING (6:46 AM) — "I have prior appointments today. Maybe you could reach out to them, and let them know. Ty"

INCOMING — Taylor C.: [typing indicator then message at approximately 7:50 AM] "I will reschedule for tomorrow. Please have someone home so I can get this completed to finalize the permit. Thank you."

INCOMING (8:46 AM) — Taylor C.: "Here is confirmation for tomorrow's final inspection." [MMS — Charlotte County permit portal showing Permit 20220729013 Upcoming Inspections (1): 08/10/2022 at TBD Scheduled HVAC Final]

OUTGOING — "I had to go research the permit history, since there seems to be some errors related to what was submitted."

*LEGAL NOTE: Plaintiff's contemporaneous August 9 text documenting that she independently researched the permit and found errors in what was submitted. This is Plaintiff's own real-time notice to First Charlotte that she had identified permit submission problems — on August 9, 2022, the day the fraudulent CoolCalc was accepted by McStravic.*

INCOMING (approximately 10:02 AM) — Taylor C. from First Charlotte AC & Refrigeration, Inc.: "Terry, everything has been validated and is correct. The inspection will be completed tomorrow. Please have someone home so that we can get this finalized. Thank you."

*LEGAL NOTE — WIRE FRAUD PREDICATE: This is Taylor's most significant text message. (1) "Everything has been validated and is correct" — transmitted by interstate wire communication on August 9, 2022. (2) What was "validated": McStravic's August 8 administrative acceptance of the CoolCalc submitted by First Charlotte's "firstcharlo" account under Joseph Cellamare's license CAC057579. (3) What was NOT validated: the CoolCalc inputs were never physically compared against Plaintiff's actual property by any inspector. No inspector stood in the home with the CoolCalc and verified jalousie windows, zero wall insulation, uninsulated slab, or degraded attic insulation against the document's false inputs. (4) The physical reinspection did not occur until August 10 — the day AFTER Taylor told Plaintiff everything was validated. The validation Taylor describes was administrative paper acceptance, not physical verification. (5) Taylor knew: (a) First Charlotte submitted the CoolCalc to the county on August 8; (b) the county accepted it administratively; (c) no physical corrections had been made; (d) no inspector had returned to verify the inputs against the property; (e) the August 10 reinspection had not yet occurred. (6) Taylor transmitted a materially false statement — that the submitted documentation had been validated as correct for Plaintiff's specific property — through interstate wire communication to prevent Plaintiff from investigating or objecting*

4

*while the fraudulent approval was being finalized. THIS IS A RICO PREDICATE ACT under 18 U.S.C. § 1343.*

## WEDNESDAY, AUGUST 10, 2022 — FRAUDULENT APPROVAL DAY

OUTGOING (7:52 AM) — "Please send me a copy of the above in email fashion. TY"
*LEGAL NOTE: Plaintiff again requesting documentation in writing. The inspection passed August 10. County's own record states: "Additional information was submitted to the Building Office and approved" — document submission, not physical correction, was the sole basis for approval. No physical corrections were ever made between August 5 failure and August 10 approval.*

## SUMMARY OF KEY LEGAL POINTS ESTABLISHED BY THIS THREAD

1. HOUSECALL PRO E-SIGN FRAUD: July 5 estimate link went to pro.housecallpro.com — contractor-PRO domain. Message said "Click to VIEW" not approve. Plaintiff's texts "But I have some questions / Please have someone call me" preceded and followed "I agree" — no unambiguous assent. "Approval received" entered from contractor side before Plaintiff's "Ok..ty."

2. NO PAYMENT EVER MADE: Text thread contains zero reference to any payment by Plaintiff to First Charlotte. Lien filed August 4 before any passing inspection, before any payment owed.

3. UNLICENSED WORKERS: August 2 en route text identifies Gary Battaglia — not Joseph Cellamare — as the person performing the installation.

4. CONTEMPORANEOUS DEFECT NOTICE: August 2 at 6:15 PM and 6:17 PM — Plaintiff documented incomplete job on installation day in writing to contractor.

5. WALL UNIT REMOVAL: August 3 MMS photos document wall unit removed without consent — relevant to Miller's replacement permit classification defense.

6. RETALIATORY LIEN TIMING: Chapter 558 notice texted 11:11 AM August 4. Lien filed approximately 12:30 PM August 4. Approximately 79 minutes between notice and lien.

7. FAILED INSPECTION CONCEALED: Taylor's August 8 text says inspector needs to "return to finish" — not that inspection failed. Neither First Charlotte nor Charlotte County ever told Plaintiff the August 5 inspection failed due to permit misclassification.

8. DUCTWORK ADMISSION: Taylor's August 8 text identifies "ac system AND duct work" as needing inspection — party admission of new ductwork installation under a replacement permit, requiring Manual D that was never submitted.

9. PERMIT ERRORS IDENTIFIED: Plaintiff's August 9 text documents she independently identified permit submission errors — her own contemporaneous notice of the fraud before the fraudulent approval was finalized.

10. WIRE FRAUD PREDICATE — TAYLOR'S VALIDATION TEXT: August 9 "everything has been validated and is correct" — transmitted when county had accepted CoolCalc administratively on August 8 but physical reinspection had not yet occurred. Materially false statement through interstate wire communication. RICO predicate act.

11. COOLCALC ATTRIBUTION: Submitted under First Charlotte's "firstcharlotte" account and Joseph Cellamare's license CAC057579 — not attributable to Taylor individually. Taylor's individual liability is her August 9 transmission with actual knowledge of the fraudulent acceptance.

12. BACKWARDS VALIDATION SEQUENCE: County accepted CoolCalc August 8 → Taylor tells Plaintiff "everything validated" August 9 → physical reinspection August 10. Validation preceded physical inspection — proving administrative paper acceptance was the compliance mechanism, not physical verification of inputs against actual property conditions.

*Documented June 17, 2026 from original device preserved in airplane mode.*

5

Case No.: _____ (M.D. Fla.)

# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
## AFFIDAVIT OF TERRY LYNN DUNN-FISCHER

## IN SUPPORT OF AUTHENTICATION OF TEXT MESSAGE EVIDENCE

*TERRY LYNN DUNN-FISCHER, Plaintiff,*

v.

FIRST CHARLOTTE A.C. & REFRIGERATION, INC., a Florida corporation; TAYLOR CELLAMARE, individually; DARLENE CELLAMARE, individually; JOSEPH CELLAMARE, individually; CARMEN C. THOMPSON, individually; CHARLOTTE COUNTY, FLORIDA; JACK D. McSTRAVIC, individually; BEN BAILEY, individually; SHAWN McNULTY, individually; ROGER H. MILLER III, ESQ., individually; and FARR LAW FIRM, P.A., Defendants.

Case No.: _____

---

## STATE OF FLORIDA
## COUNTY OF CHARLOTTE

BEFORE ME, the undersigned authority, personally appeared TERRY LYNN DUNN-FISCHER, who, being first duly sworn, deposes and states as follows:

1.    My name is Terry Lynn Dunn-Fischer. I am over the age of eighteen years, am competent to testify, and have personal knowledge of all facts stated herein.

2.    This Affidavit is submitted pursuant to Federal Rule of Evidence 901 in support of the authentication of the text message evidence attached hereto as Composite Exhibit A, filed in connection with Plaintiff's Complaint for Civil Rights Violations, RICO, Consumer Protection, and Related Claims in the above-captioned federal action. Defendant First Charlotte A.C. & Refrigeration, Inc. introduced a partial excerpt of the text message thread described herein as Exhibit

- 1 -

Exhibit G

Case No.: _____ (M.D. Fla.)

B to the Affidavit of Joseph Cellamare in the underlying state court proceedings, Case No. 22-000945-CC, Charlotte County Court, and relied upon that partial excerpt as proof of contract formation. The partial excerpt introduced by Defendant contains only selected messages from the July 5, 2022, portion of the thread. This Affidavit authenticates the complete text thread spanning June 22, 2022, through August 10, 2022. The authenticated screenshots attached hereto as Composite Exhibit A constitute the complete text communication record between Plaintiff and First Charlotte A.C. & Refrigeration, Inc. during the period of the HVAC installation transaction at issue in this litigation. The complete thread establishes that the "Approval received" notation was entered by Taylor Cellamare from the contractor's PRO account before Plaintiff's final acknowledgment, that Plaintiff documented defects the day before the lien was filed, and that Taylor Cellamare transmitted a materially false statement by interstate wire on August 9, 2022, constituting a RICO predicate act under 18 U.S.C. §1343.

3.    I am the Plaintiff in the above-captioned federal civil rights action. I am also the Defendant in the related state court proceedings, Case No. 22-000945-CC, Charlotte County Court, currently on appeal before the Florida Sixth District Court of Appeal, Case No. 6D2026-0615. I have appeared pro se in the underlying state court proceedings for approximately four years. I hold a court-recognized ADA accommodation, DIN 159, authorizing my use of AI assistive technology at all court proceedings.

4.    I own the investment property at 820 Conreid Drive NE, Port Charlotte, Florida 33952, which is the subject of this litigation.

5.    I own and have in my possession the original mobile phone on which I sent and received all text messages described in this affidavit. That phone has been preserved in airplane mode to prevent any alteration of its contents. On June 17, 2026, I photographically documented the complete text message thread described herein from the original device while in airplane mode. The screenshots attached hereto as Composite Exhibit A accurately and completely depict the text messages as they appear on the original device.

Case No.: _____ (M.D. Fla.)

6.    The text thread documented herein is identified in my phone as "HVAC Guy" with phone number +1 (941) 241-2230. I received and sent all messages in this thread in my individual capacity as property owner of 820 Conreid Drive NE, Port Charlotte, Florida 33952. The thread spans June 22, 2022, through August 10, 2022, and constitutes the complete text communication record between me and First Charlotte A.C. & Refrigeration, Inc. during the period of the HVAC installation transaction at issue in this litigation.

7.    On Wednesday, June 22, 2022, I received an incoming text message from +1 (941) 241-2230 identifying the sender as "Joe from First Charlotte AC & Refrigeration, Inc." scheduling a site visit for Friday, June 24, 2022, between 10:00 AM and 12:00 PM. A subsequent incoming message on June 24, 2022, at 3:25 PM confirmed that "Joe from First Charlotte AC & Refrigeration, Inc. is en route now." I received Joseph Cellamare at my property on June 24, 2022, for a site assessment. At that visit Joseph Cellamare personally observed that the property had never had central air conditioning.

8.    On Saturday, July 2, 2022, at 10:41 AM, I sent an outgoing text message stating: "I am still waiting for an estimate." This message establishes that no estimate had been transmitted to me as of July 2, 2022, and that contract formation could not have occurred prior to that date.

9.    On Tuesday, July 5, 2022, at 8:27 AM, I received an incoming text message stating: "Click to view estimate from First Charlotte AC & Refrigeration, Inc.:" followed by the URL https://pro.housecallpro.com/mobile_estimate/SpYif8GTwC. The instruction in that message was to view the estimate — not to approve, accept, or sign anything. The URL begins with "pro.housecallpro.com" — which I have since learned is the contractor's professional account domain, not a customer-facing approval portal.

10.    When I clicked the link in the July 5, 2022 text message to view the estimate, I was not presented with any approval button, any "I accept" mechanism, any E-SIGN disclosure, any consent language, or any instruction that viewing the estimate would constitute a

- 3 -

Case No.: _____ (M.D. Fla.)

binding electronic signature or contract formation. I viewed the estimate as one would open an envelope to read a quote. I never created a Housecall Pro customer account. I never completed any customer verification process on the Housecall Pro platform. I never logged in with any credentials. I never received any confirmation email from Housecall Pro stating that I had approved any estimate.

11. On July 5, 2022, at 1:13 PM, I sent an outgoing text message stating "I agree." At 1:14 PM I immediately followed with a second outgoing text message stating "But I have some questions." At 1:15 PM I sent a third outgoing text message stating "Please have someone call me." These three messages were sent in immediate sequence. My "I agree" was not an unambiguous acceptance — it was immediately qualified by my statement that I had questions and my request for a callback to discuss those questions before proceeding.

12. At 1:15 PM on July 5, 2022 — at the same time I was sending my "But I have some questions" and "Please have someone call me" texts — I received an incoming text message from Taylor C. at First Charlotte stating: "Approval received. I will give you a call shortly to go over any questions and get this scheduled for you." At 1:25 PM I responded "Ok..ty." My "Ok..ty" response came after Taylor's "Approval received" message — meaning the approval notation had been recorded on the contractor's platform before I sent my final acknowledgment. I did not take any action through any customer-facing interface that caused or could have caused an approval to be recorded. The "Approval received" notification came from First Charlotte, not from any Housecall Pro customer portal.

13. September 29, 2025, was the first date I ever encountered the name "Housecall Pro" in connection with this transaction. That date was when Plaintiff First Charlotte served its First Request for Production asking me to produce communications from "Housecall Pro." I had no such communications because I had never interacted with Housecall Pro as a customer, never received any platform confirmation email, and never been directed to a customer-facing Housecall Pro interface. In my sworn discovery response filed November 15, 2025, I stated under oath that I was not aware of any communications from Housecall Pro — because none were ever sent to me as a customer.

- 4 -

Case No.: _____ (M.D. Fla.)

14.    On Tuesday, August 2, 2022, at 8:24 AM, I received an incoming text message stating: "Gary from First Charlotte AC & Refrigeration, Inc. is en route now." The person identified as "Gary" — Gary Battaglia, who is listed on the Tropic Supply equipment invoice as a crew member — was sent to perform the installation, not Joseph Cellamare, the licensed qualifying agent.

15.    On August 2, 2022, at 6:13 PM, I received a feedback request text from First Charlotte containing the URL https://pro.housecallpro.com/review/RqtggsRQJV — again a contractor-PRO domain URL. At 6:15 PM — two minutes later — I sent an outgoing text stating: "This job is not complete." At 6:17 PM I sent a second outgoing text stating: "I don't understand why you would leave when it's not complete." First Charlotte sent a completion feedback request before I had even documented that the job was incomplete.

16.    On August 3, 2022, at 5:57 AM, I sent an outgoing MMS text message with photographs documenting that First Charlotte had removed a wall unit air conditioner from my property without my consent. The photographs I transmitted show the wall opening where the unit had been and the unit itself. I did not consent to the removal of any existing equipment from my property.

17.    On Thursday, August 4, 2022 at 11:11 AM, I sent an outgoing text message to First Charlotte at +1 (941) 241-2230 stating: "Fyi, I will be sending an email today, as advised by Charlotte county code enforcement investigator, to follow the proper protocol in giving you, adequate Notice, per Florida statute 558, prior to filing a complaint against your license. He also said, in support of my position, that I should not pay you anything until the job, per the permit is complete, to meet code and that I am happy with the same." This text message accurately documented the advice I had received from a Charlotte County Code Enforcement investigator following calls to Charlotte County Code Enforcement at 941-764-0005 and 941-743-1544 on August 3, 2022, as reflected in my phone's call log.

18.    First Charlotte filed the Claim of Lien, recorded at OR Book 5029, Page 1488, Instrument No. 3136320, on August 4, 2022, at approximately 12:30 PM — approximately 79 minutes after I texted

- 5 -

Case No.: _____ (M.D. Fla.)

the Chapter 558 statutory defect notice at 11:11 AM. I have never paid First Charlotte any amount for the HVAC installation. No payment was made, no payment was demanded and refused, and no enforceable payment obligation existed under any valid contract at the time the Lien was filed.

19. On Monday, August 8, 2022, at 3:25 PM, I received an incoming text message from Taylor C. at First Charlotte stating: "Good afternoon, Terry, the Charlotte County inspector will need to return to finish inspecting the ac system and duct work. The permit should be finalized when he is complete." At no point in this text or any other communication did First Charlotte or Charlotte County inform me that the August 5, 2022, inspection had failed. I was told only that the inspector needed to "return to finish" — language that obscured the actual failed inspection status.

20. Taylor's August 8 text specifically identified "duct work" as part of what needed to be inspected. The property at 820 Conreid Drive NE had never had central air conditioning and therefore had no existing ductwork to replace. All ductwork installed was new. A Level 1 Replacement permit does not authorize new ductwork installation. New ductwork installation requires a Manual D duct design document under Florida Building Code R403.7 and ACCA standards. No Manual D was ever submitted to Charlotte County in connection with Permit No. 20220729013.

21. On Tuesday, August 9, 2022, I sent an outgoing text message to First Charlotte stating: "I had to go research the permit history, since there seems to be some errors related to what was submitted." This text accurately reflects that I had independently researched the Charlotte County permit record and identified errors in the documentation submitted by First Charlotte to the county.

22. In response to my August 9 text identifying permit errors, I received an incoming text message from Taylor C. at First Charlotte stating: "Terry, everything has been validated and is correct. The inspection will be completed tomorrow. Please have someone home so that we can get this finalized. Thank you." When I received this text on August 9, 2022, no Charlotte County inspector had returned to my property since the August 5 failed inspection. No physical

- 6 -

Case No.: _____ (M.D. Fla.)

corrections had been made to the installation between August 5 and August 9. The reinspection did not occur until August 10, 2022 — the day after Taylor told me everything had been validated and was correct.

23. I understand from my independent research that validation of a Manual J load calculation against a specific property requires a physical inspection comparing the document's inputs against the actual observable conditions of the structure — including wall insulation, window type and ratings, floor construction, attic insulation, and square footage. No such physical validation of the CoolCalc submitted to Charlotte County on August 8, 2022, was performed before Taylor told me on August 9 that everything was validated and correct. The physical reinspection on August 10, 2022, occurred after the county had already administratively accepted the submitted document on August 8 — meaning the compliance determination was made at a desk before any inspector returned to my property.

24. On Wednesday, August 10, 2022, at 7:52 AM, I sent an outgoing text message requesting: "Please send me a copy of the above in email fashion. TY" — again requesting written documentation of the inspection confirmation. That request was not fulfilled. The installation passed inspection on August 10, 2022. Charlotte County's own permit record for that date states: "Additional information was submitted to the Building Office and approved" — confirming that a document submission, not physical correction of the defects I had documented since August 3, was the sole basis for the passed inspection.

25. The screenshots attached hereto as Composite Exhibit A are true, accurate, and complete depictions of the text messages between me and First Charlotte A.C. & Refrigeration, Inc. at +1 (941) 241-2230 from June 22, 2022, through August 10, 2022, as they appear on the original device. I have not altered, edited, deleted, or modified any message in this thread. The device has been maintained in airplane mode to preserve the integrity of its contents.

26. At no point during the transaction reflected in this text thread did Joseph Cellamare perform any qualifying agent supervisory

- 7 -

Case No.: _____ (M.D. Fla.)

function in connection with the August 2, 2022, installation. He appeared at the property on approximately August 2, 2022, for fifteen to twenty minutes, gave verbal instructions, and left. He returned on August 3, 2022, to demand payment, not to inspect the work. He never returned thereafter to inspect or remedy the documented defects.

**FURTHER AFFIANT SAYETH NAUGHT.**

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Executed on ____June 29____, 2026.

_____
**TERRY LYNN DUNN-FISCHER**
Pro Se Plaintiff
ADA Accommodation DIN 159
820 Conreid Drive NE
Port Charlotte, FL 33952
(941) 977-9010
dunnfischer@aol.com

_____

**STATE OF FLORIDA**
**COUNTY OF** Charlotte

SWORN TO AND SUBSCRIBED before me this 29 day of June, 2026, by Terry Lynn Dunn-Fischer, who is personally known to me or who has produced DLC as identification.

_____
Notary Public, State of Florida


DAWN M FITZGERALD
Notary Public, State of Florida
Commission# HH 480710
My comm. expires Feb. 27, 2028

- 8 -

Case No.: _____ (M.D. Fla.)

My Commission No.: HI+484719

My Commission Expires: 3|27|38

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL DIVISION

FIRST CHARLOTTE A/C & REFRIGERATION, INC.,
Plaintiff,

v.                                                                        Case No.: 220000945CC

TERRY LYNN DUNN-FISCHER,
Defendant.

_____

## OBJECTION TO MEDIATION FEES

Defendant, Terry Lynn Dunn-Fischer. pro se hereby objects to any fees or costs associated with the mediation scheduled for December 22. 2025. for the following reasons:

1. Court-Ordered Mediation: Mediation was mandated by the court and is not voluntary. Defendant has not agreed to participate in this mediation as a voluntary act.

2. No Open Claims: Defendant has no active claims in this matter, as all claims previously asserted by Defendant have been withdrawn due to inappropriate venue. Defendant has no active claims to be adjudicated in this case and is therefore not an active participant in this mediation and any attempt to impose mediation fees on Defendant is improper and without legal basis, pursuant to Florida Statutes Section 44.102.

3. Intentional Misrepresentation by Plaintiff's Counsel: Plaintiff's counsel, Roger Miller, appears to have intentionally misrepresented Defendant's participation and created the appearance that Defendant would be financially responsible for mediation fees. Defendant did not provide "informed consent" to pay any fees, and was never provided notice of the estimated costs, length, or responsibility for fees prior to the scheduling of this mediation. See Exhibit4. Non-Party

1

Exhibit L

Responsibility: Pursuant to Florida Rules of Civil Procedure and standard mediation protocol (see Fla. R. Civ. P. 1.700 et seq.), a party who is not voluntarily participating in mediation is not responsible for mediation fees. Defendant is being improperly treated as a responsible party despite having no claims, no contractual obligation, and no voluntary participation in the mediation.

5. Defendant Attaches her Application for Determination of Civil Indigent Status and Incorporates it as Exhibit B, demonstrating that she is financially unable to pay any portion of the mediation fees.

WHEREFORE, Defendant objects to any mediation fee, including but not limited to the amount of $675. and respectfully requests that no mediation fees be imposed upon Defendant.

Dated this ___5___ th day of December 2025.

Terry Lynn Dunn-Fischer, Pro Se
820 Conreid Drive NE
Port Charlotte, Florida 33952
941-977-9010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the parties below, via Florida e-filing portal on this _5_ rd day of December 2025, to: Roger Miller, Esq. –                , Sherry Faircloth –                of the Farr Law Firm, 99 Nesbit Street, Punta Gorda, Florida 33950

Terry Lynn Dunn-Fischer, Pro Se
820 Conreid Dr. NE
Port Charlotte, Florida 33952
941-977-9010

2

12/5/25, 4:52 PM      AOL Mail - New Invoice from Wotitzky Mediation Center, LLC - 2025.0375DF, Case: First Charlotte v Fischer

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 37 of 96 PageID 193

New Invoice from Wotitzky Mediation Center, LLC - 2025.0375DF, Case: First Charlotte v Fischer

From    Wotitzky Mediation Center, LLC (quickbooks@notification.intuit.com)

To    dunnfischer@aol com

Cc    dunnfischer@aol.com

Date    Friday, December 5, 2025 at 02:46 PM EST



## Wotitzky Mediation

## Your invoice is ready!

BALANCE DUE

# $675.00



BANK

Case Name: FIRST CHARLOTTE A.C. AND REFRIGERATION, INC. v TERRY DUNN-
FISCHER
Case Number: 22-945-CC
Court Number: TWENTIETH
County: CHARLOTTE

Dear Terry Dunn-Fischer,

Please find attached an invoice for your portion of the upcoming mediation with Hal Wotitzky. This represents the 3 hour minimum fee for the mediation, due prior to the session. Please pay this invoice upon receipt or no later than December 10, 2025. For your convenience, we have included a "Pay invoice" link to our secure online payment portal. This link can be found on the attached invoice.

For any billing inquiries, please contact Jessica Morgan at wotitzkymediationbilling@adrsupport.com

Thank you in advance for your prompt attention to this invoice.

Sincerely,

Maria MacKay
Case Manager for Hal Wotitzky
E. casemanager@wotitzkymediation com
To Schedule a mediation, visit

**Bill to**

Terry Dunn-Fischer (Pro Se)
820 Conreid Drive, NE
Port Charlotte, FL 33952-9715

**Terms**

Due on receipt

**Case reference**

First Charlotte v Fischer

**Date of service**

12/22/2025

Exhibit A.

## IN THE CIRCUIT/COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
### IN AND FOR CHARLOTTE COUNTY, FLORIDA

First Charlotte AC & Refrigeration

**Plaintiff/Petitioner or In the Interest of** ___ vs.

CASE NO. _22 0000 945CC_

Terry Dunin-Fischer

**Defendant/Respondent**

### APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __2__ dependents. *(Include only those persons you list on your U.S. Income tax return.)*
   Are you Married? ☐Yes ☒No   Does your Spouse Work? ☐Yes ☒No   Annual Spouse Income?   $__0__

2. I have a net income of $____0____ paid ☐weekly ☐every two weeks ☐semi-monthly ☐monthly ☐yearly ☐other ___
   *(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)*

3. I have other income paid ☐weekly ☐every two weeks ☐semi-monthly ☐monthly ☐yearly ☐other _NONE_
   *(Check "Yes" and Fill in the amount if you have this kind of income, otherwise check "No")*

| | | | |
|---|---|---|---|
| Second Job ☐Yes $____ ☒No | Veterans' benefits ☐Yes $____ ☒No |
| Social Security benefits | Workers compensation ☐Yes $____ ☒No |
| For you ☐Yes $____ ☒No | Income from absent family members ☐Yes $____ ☒No |
| For child(ren) ☐Yes $____ ☒No | Stocks/bonds ☐Yes $____ ☒No |
| Unemployment compensation ☐Yes $____ ☒No | Rental income ☐Yes $____ ☒No |
| Union payments ☐Yes $____ ☒No | Dividends or interest ☐Yes $____ ☒No |
| Retirement/pensions ☐Yes $____ ☒No | Other kinds of income not on the list ☐Yes $____ ☒No |
| Trusts ☐Yes $____ ☒No | Gifts ☐Yes $____ ☒No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, **although I may agree to pay more if I choose to do so.**

4. I have other assets: *(Check "yes" and fill in the value of the property, otherwise check "No")*

| | | |
|---|---|---|
| Cash ☒Yes $ 1,000 ☐No | Savings account ☐Yes $ 500 ☐No |
| Bank account(s) ☐Yes $ 500 ☐No | Stocks/bonds ☐Yes $ 0 ☒No |
| Certificates of deposit or | Homestead Real Property* ☐Yes $____ ☒No |
| Money market accounts ☐Yes $ 0 ☒No | Motor Vehicle* ☐Yes $____ ☐No |
| Boats* ☐Yes $ 0 ☒No | Non-homestead real property/real estate* ☐Yes $____ ☒No |
| | Other assets* ☐Yes $____ ☒No |

Check one: I ☐ DO ☒ DO NOT expect to receive more assets in the near future. The asset is ___

5. I have total liabilities and debts of $ _38,000_ as follows: Motor Vehicle $ _1120.00_, Home $ _2,000_, Boat $____, Non-homestead Real Property $ _0_, Child Support paid direct $ _0_, Credit Cards $____, Medical Bills $ _0_, Cost of medicines (monthly) $ _100.00_, Other $ _35,000.00 K Truck_

6. I have a private lawyer in this case ☐Yes ☒No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information I have provided on this application is true and accurate to the best of my knowledge.**

Signed on _12-4-2025_   Signature of Applicant for Indigent Status ___

_9-21-65_   _3640_
**Year of Birth**   **Last 4 digits of Driver License or ID Number**   **Print Full Legal Name** _Terry L Dunn-Fischer_

Email address: _dunnfischer@aol.com_ Phone Number/s: _941-977-9010_
_820 Conreid Dr, Port Charlotte FL 33952_
**Address: Street, City, State, Zip Code**

This form was completed with the assistance of: ___
Clerk/Deputy Clerk/Other authorized person.

---

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on ___, 20 ___

___
**Clerk of the Circuit Court**
By ___, Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**
Sign here if you want the judge to review the clerk's decision ___

## Charlotte Clerk & County launches streamlined building permit process

From: Roger D. Eaton, Clerk of the Circuit Court & County Comptroller (clerkinfo@charlotteclerk.com)

To: dunnfischer@aol.com

Date: Wednesday, August 21, 2024 at 10:41 AM EDT



View this email in your browser



### Clerk & County Collaborate to Streamline Permitting and Notice of Commencement Process

Charlotte County Clerk of the Circuit Court and County Comptroller Roger D. Eaton and the Charlotte County Community Development Department announced the launch of a groundbreaking, streamlined building permit application process. This innovative integration allows for electronic recording of notices of commencement directly into the Clerk's official records, marking a significant step forward in inter-agency efficiency and public service.

This new system eliminates the need for citizens and their contractors to navigate between

Exhibit M

multiple government agencies to file permit applications (county office) and notices of commencement (Clerk's office). By facilitating this direct electronic link between the Charlotte County Community Development Department and the Clerk's official records, the process becomes seamless, saving applicants both time and money. At this time, this process only includes building department permits. Future integrations will include zoning department permits.



"The collaboration between the Charlotte County Clerk of the Circuit Court and the Community Development Department reflects our commitment to innovative public service and efficiency," said Charlotte County Clerk of the Circuit Court Roger D. Eaton. "This new system not only streamlines the process for our citizens, but also represents a significant step towards digital integration and environmental sustainability by reducing paper use."

"As a builder, I appreciate this effort to streamline the process for filing permit applications and notices of commencement. As a government official, I applaud the interagency cooperation between the county and the Clerk's office to identify process improvements and work together to better serve our constituents," said Charlotte County Commission Chairman Bill Truex.

The new system continues the county and Eaton's push to enhance digital services that improve customer service and operational efficiency. It underscores the county and Clerk's office continued commitment to utilizing technology which improves and simplifies services provided to all Charlotte County citizens.

I look forward to your feedback!



Roger D. Eaton

Clerk of the Circuit Court & County Comptroller

     



CONTACT US

350 E. Marion Avenue • Punta Gorda, FL 33950

CharlotteClerk.com • (941) 637-2329

Want to change how you receive these emails?

You can update your preferences or unsubscribe from this list.

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 43 of 96 PageID 199

4/21/26, 11:28 AM          AOL Mail - RE: Response :Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare…

RE: Response :Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # CAC057579— 820 Concrete Drive NE — Permit No#20220729013

From:  Bailey, Ben (ben.bailey@charlottecountyfl.gov)

To:    dunnfischer@aol.com

Cc:    daryll.dillow@charlottecountyfl.gov; tim.rodgers@charlottecountyfl.gov; claire.jubb@charlottecountyfl.gov; azeudee.carr@charlottecountyfl.gov

Date:  Wednesday, March 18, 2026 at 06:37 PM EDT

Dear Ms. Dunn-Fischer,

I am in receipt of your March 18, 2026 correspondence and accompanying materials.

As stated in my prior email dated March 17, 2026, and as outlined in the September 27, 2023 correspondence from the County Attorney's Office, this matter has already been thoroughly reviewed by County staff, the Community Development Department, County Administration, and the County Attorney. The County's position remains unchanged.

The issues you continue to raise regarding alleged misrepresentation, workmanship, system design, or contractual obligations are civil matters and fall outside the County's regulatory authority. The County does not have a process to adjudicate these disputes or provide the relief you are seeking.

As previously advised, if you believe a construction defect exists, the appropriate remedy is through the process established in Florida Statutes Chapter 558. You may also pursue complaints with the Florida Department of Business and Professional Regulation (DBPR) or the Florida Attorney General's Office regarding contractor licensing or business practices.

At this time, no further action will be taken by Charlotte County regarding this permit.

Respectfully,

**Ben Bailey**
**Community Development Director**
**Building Official/Floodplain Manager**
Charlotte County
Community Development Department
18400 Murdock Circle
Port Charlotte, FL. 33948
941.743.1211
CharlotteCountyFL.gov
*Delivering Exceptional Service*

**How was your service? CLICK HERE to let us know**

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Wednesday, March 18, 2026 9:39 AM
**To:** Bailey, Ben <Ben.Bailey@charlottecountyfl.gov>; Contractor Licensing <ContractorLicensing@charlottecountyfl.gov>; Tiseo, Joseph <Joseph.Tiseo@charlottecountyfl.gov>
**Subject:** Re: Response :Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # CAC057579— 820 Concrete Drive NE — Permit No#20220729013

Dear Mr. Bailey,                    3/18/2026

Thank you for your response dated March 2026.

Please be advised that my current complaint raises a documented issue that was not raised in 2023 and was not addressed by the September 27, 2023 county attorney letter: the fraudulent Manual J load calculation submitted retroactively after the failed August 5, 2022 inspection.

This issue was not raised in 2023 because I had not yet discovered it. I discovered and documented the five categories of false and omitted entries in the CoolCalc MJ8 through my own research during litigation. I am raising it now, within the four-year statute of limitations, to ensure it is part of the official record.

The 2023 county attorney letter cannot close a 2026 complaint raising new documented evidence that was not before the county in 2023. The mandatory pre-installation Manual J requirement under Florida Building Code §R403.7 was never satisfied. The only document produced was a retroactive after-the-fact calculation submitted six days after a failed inspection — and that document contains five categories of false entries that do not reflect the actual characteristics of the property.

I am placing Charlotte County on formal notice of this issue within the applicable limitations period. This correspondence is part of the official record of my complaint.

Respectfully,

Terry Lynn Dunn-Fischer

820 Concreid Drive NE

Port Charlotte, Florida 33952

(941) 977-9010

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 45 of 96 PageID 201

3/18/26, 9:15 AM          AOL Mail - RE: Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # C...

RE: Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # CAC057579— 820 Concrete Drive NE — Permit No#20220729013

From:  Bailey, Ben (ben.bailey@charlottecountyfl.gov)

To:    dunnfischer@aol.com

Cc:    hector.flores@charlottecountyfl.gov; emily.lewis@charlottecountyfl.gov; claire.jubb@charlottecountyfl.gov; thomas.david@charlottecountyfl.gov; daryll.dillow@charlottecountyfl.gov; tom.atkinson@charlottecountyfl.gov; joseph.tiseo@charlottecountyfl.gov

Date:  Tuesday, March 17, 2026 at 02:07 PM EDT

Dear Ms. Dunn-Fischer,

I am writing in response to your recent request for an additional County investigation regarding Permit #20220729013.

As outlined in the September 27, 2023 correspondence from the County Attorney's Office (attached for your reference), this matter has already been thoroughly reviewed by County staff, the Community Development Department, County Administration, and the County Attorney. The County's role is limited to ensuring that permitted work complies with the Florida Building Code and applicable regulations. Our inspector verified that the work performed under this permit met those requirements, and the permit was properly closed.

As previously explained, the concerns you have raised regarding workmanship, contractual disputes, or alleged deficiencies fall outside the County's regulatory authority and are considered civil matters. The County does not have a process to adjudicate these types of disputes or provide the relief you are seeking.

If you believe there is a construction defect, Florida Statutes Chapter 558 provides the appropriate process for pursuing such claims. Additionally, you may file a complaint with the Florida Department of Business and Professional Regulation (DBPR) or the Florida Attorney General's Office, as noted in the prior correspondence.

At this time, the County's position remains unchanged, and no further action will be taken by our office regarding this permit.
Thank you for your understanding.


Respectfully,




**Ben Bailey**
**Community Development Director**
**Building Official/Floodplain Manager**
Charlotte County
Community Development Department
18400 Murdock Circle
Port Charlotte, FL. 33948
941.743.1211

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 46 of 96 PageID 202

3/18/26, 9:15 AM              AOL Mail - RE: Formal Contractor Licensing Complaint re: First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # C...

CharlotteCountyFL.gov
*Delivering Exceptional Service*

**How was your service? CLICK HERE to let us know**

----- Forwarded Message -----
**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**To:** tom.atkinson@charlottecountyfl.gov <tom.atkinson@charlottecountyfl.gov>;
contractorlicensing@charlottecountyfl.gov <contractorlicensing@charlottecountyfl.gov>
**Sent:** Tuesday, March 17, 2026 at 10:23:52 AM EDT
**Subject:** Formal Objection to Investigator Assignment — Conflict of Interest — Contractor Licensing Complaint re: First Charlotte AC and Refrigeration Inc.

Dear Mr. Atkinson,

I am in receipt of your communication regarding my contractor licensing complaint against First Charlotte AC and Refrigeration Inc. and Joseph Cellamare.

I write to formally object to your assignment as investigator in this matter on the basis of a direct conflict of interest.

You have prior personal involvement in the underlying events that are the subject of my complaint. Specifically:

1. On or about August 3, 2022, I contacted you directly by phone regarding the defective HVAC installation at 820 Concreid Drive NE, Port Charlotte, Florida. You were personally aware of the reported defects and provided guidance to me at that time regarding how to proceed.

2. You subsequently participated in the roundtable organized by Building Department Director Ben Bailey in 2023 in response to my formal complaint regarding the same installation and the same contractor.

Your prior involvement in both the original complaint process and the 2023 roundtable creates a direct conflict of interest that disqualifies you from serving as an independent neutral investigator in this matter.

I respectfully request that Charlotte County Contractor Licensing assign a different investigator who has no prior involvement in this matter, the underlying installation at 820 Concreid Drive NE, or the 2023 roundtable proceedings.

I am copying this objection to the Charlotte County Contractor Licensing office so that it is part of the official administrative record of my complaint.

I look forward to confirmation of a new investigator assignment.

Respectfully,

Terry Lynn Dunn-Fischer
820 Concreid Drive NE
Port Charlotte, Florida 33952
941-977-9010
dunnfischer@aol.com

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 47 of 96 PageID
203

3/18/26, 9:15 AM          AOL Mail - RE: Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # C...

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Monday, March 16, 2026 9:17 AM
**To:** Tiseo, Joseph <Joseph.Tiseo@charlottecountyfl.gov>
**Subject:** Fw: Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # CAC057579— 820 Concrete Drive NE — Permit No#20220729013

----- Forwarded Message -----

**From:** dunnfischer@aol.com <dunnfischer@aol.com>

**To:** ContractorLicensing@CharlotteCountyFL.gov <contractorlicensing@charlottecountyfl.gov>; communications@myfloridalicense.com <communications@myfloridalicense.com>

**Sent:** Monday, March 16, 2026 at 08:59:11 AM EDT

**Subject:** Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # CAC057579— 820 Concrete Drive NE — Permit No#20220729013

Terry Lynn Dunn-Fischer

820 Concrete Drive NE

Charlotte County, Florida

941-977-9010

dunnfischer@aol.com

March 16, 2026

Code Compliance & Licensing Manager

Charlotte County Community Development

E. Jay Carlson Community Development Building

18400 Murdock Circle

Port Charlotte, FL 33948

Via Email: ContractorLicensing@CharlotteCountyFL.gov

**RE: Formal Complaint and Request for Investigation — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare, License No. [insert license number] — Fraudulent Permit Misclassification, Fraudulent Manual J Load Calculation, Unlicensed Work, and Failure to Comply with Florida Building Code R403.7**

Dear Code Compliance and Licensing Manager:

I am writing to file a formal complaint against First Charlotte AC and Refrigeration Inc. and its licensed contractor of record, Joseph Cellamare, in connection with the HVAC installation performed at 820 Concrete Drive NE, Charlotte County, Florida, under Permit No. [insert permit number], issued July 11, 2022. I respectfully request that Charlotte County conduct a formal investigation into the following violations and take appropriate disciplinary action under Florida Statute §489.129.

## 1. Fraudulent Permit Misclassification

First Charlotte AC and Refrigeration Inc. designated the scope of work on the permit application as a 'replacement' — a deliberate misclassification that avoided the mandatory Manual J load calculation requirement triggered by Charlotte County's online permit system for new HVAC installations in residential structures exceeding 1,000 square feet. The subject property had no prior HVAC system. There was nothing to replace. This was a brand new installation in a previously non-conditioned building.

Charlotte County's own permit record confirms this misclassification. On August 8, 2022, Transaction 945, the Deputy Building Official noted: 'Scope of work was adding conditioned air to an existing non-conditioned air building, residential. Per FBC existing building is a level 2 alteration and needs to comply with FBC Energy Conservation R403.7.' The work was correctly reclassified as a Level 2 alteration — a classification that carries mandatory full code compliance requirements including submission of a Manual J load calculation and a Manual S equipment selection document.

## 2. Fraudulent Manual J Load Calculation

In response to the Deputy Building Official's R403.7 demand, First Charlotte AC submitted a Cool Calc ACCA MJ8 calculation — 16 pages, undated, anonymous, bearing no cover page, no author identification, and no project identification. This document was not created prior to installation as a design document. It was created after installation solely to satisfy the mandatory paperwork demand. It contains materially false entries in five categories, all of which understate the actual cooling load of the subject property:

**a. Weather/Location:** Venice Pier weather station used (Sarasota County). Property is in Charlotte County.

**b. Walls:** R-11 cavity insulation claimed,

**c. Windows:** Listed as NFRC rated, clear glass, small and medium. Actual windows are 11 jalousie-style louvered windows approximately 60 years old — including extra-large, large, medium, and only two small — none of which are NFRC ratable by definition. Jalousie windows cannot be sealed or independently tested for thermal performance.

**d. Floors:** R-10 slab insulation claimed. No slab insulation exists.

**e. Attic/Ceiling:** Category entirely omitted from all 16 pages. The home contains degraded blown-in insulation approximately 60 years old. The attic/ceiling assembly is the single largest heat gain factor in any Florida residential structure. Its complete omission is a material falsification by exclusion.

Every false entry understates the cooling load. Every falsification supports the same undersized, predetermined unit already installed. This pattern is not measurement error — it is a document engineered to justify a

Case 2:26-cv-02121-SPC-KRH   Document 1-1   Filed 07/01/26   Page 49 of 96 PageID 205

3/18/26, 9:15 AM          AOL Mail - RE: Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # C...

predetermined equipment selection rather than to determine the actual needs of this home.

### 3. Failure to Produce Manual S and Manual D

Florida Building Code R403.7, cited by the Deputy Building Official, requires both a Manual J load calculation and a Manual S equipment selection document. Manual S confirms that the specific equipment selected meets the calculated load. No Manual S was ever produced or submitted. No Manual D duct design document was ever produced or submitted. The only document submitted was the fraudulent after-the-fact CoolCalc described above.

### 4. Unlicensed Work

The installation was performed by unlicensed workers under the license of Joseph Cellamare, who did not supervise or inspect the work. Additionally, Taylor Cellamare — unlicensed — created the estimate and handled contract documentation. Darlene Cellamare — unlicensed — produced the contractor's affidavit and placed the construction lien. These acts constitute the performance of licensed contractor functions by unlicensed individuals in violation of Florida Statute §§489.119 and 489.129(1)(f).

### 5. Supporting Documentation

Attached hereto as Exhibit A is Defendant's Supplement to Motion for Reconsideration filed March 15, 2026, in Charlotte County Court Case No. 22-000945-CC. This document contains the complete factual record, the five-category comparison table, photographic evidence of the actual windows, the permit history, and the code enforcement timeline supporting this complaint.

I respectfully request that Charlotte County:

(1) Open a formal investigation into First Charlotte AC and Refrigeration Inc. and Joseph Cellamare for the violations identified above;

(2) Review the permit file for Permit No. [insert permit number] including Transaction 945 and the CoolCalc submission;

(3) Take appropriate disciplinary action under Florida Statute §489.129 including but not limited to license suspension or revocation; and

(4) Provide written confirmation that this complaint has been received and assigned for investigation.

I am available to provide any additional documentation or information needed to support this investigation. I can be reached at [phone/email].

Respectfully submitted,

<u>/S/ Terry Lynn Dunn-Fischer</u>

Terry Lynn Dunn-Fischer

820 Concrete Drive NE

Charlotte County, Florida

Case 2:26-cv-02121-SPC-KRH   Document 1-1   Filed 07/01/26   Page 50 of 96 PageID
206
3/18/26, 9:15 AM         AOL Mail - RE: Formal Contractor Licensing Complaint — First Charlotte AC and Refrigeration Inc. / Joseph Cellamare license # C…

941-977-9010

Attachments: Exhibit A — Supplement to Motion for Reconsideration filed March 15, 2026, and complete permit history as of February 2026.



Dunn-Fischer.pdf
117.2 kB

**From:** Stasio, Jean
**Sent:** Wednesday, September 27, 2023 11:52 AM
**To:** dunnfischer@aol.com
**Subject:** Correspondence regarding Charlotte County Permit # 20220729013

Dear Ms. Dunn-Fischer,

Thank you for contacting Charlotte County. I understand that you are unsatisfied with the County's permitting process as it relates to permit 20220729013, that you are unsatisfied with the meeting with the Community Development Director and his response to your complaints regarding your permit and the County's permitting process, that you have complaints regarding the Notice of Commencement and subsequent work performed by First Charlotte AC & Refrigeration, Inc., and that you have requested to meet with County Administration to discuss your complaints.

I have reviewed your correspondence to County Staff and Administration and I have reviewed the pending foreclosure Charlotte County Court Case No. 22000945CC.

Your Complaint / Amended Complaint & Counterclaim and various motions in the foreclosure action outline your complaints and concerns regarding the permitted work and the alleged Contract including the questions and allegations related to the validity of the contract, lien rights, alleged breach of contract, alleged breach of contract warranty, workmanship concerns, damages, the Notice of Commencement and whether a Notice of Commencement was required according to statutory requirements, the alleged technical deficiencies of the Notice of Commencement, and various fraud allegations. The County cannot provide you with legal opinion, rule on any of the legal issues presented in the case, or provide relief from the alleged action.

The Court has the authority to address your Complaint and affirmative defenses as to whether there was a valid contract, whether there was a breach (by either party) of the contract, whether a valid lien was created by contract or otherwise, whether the work was performed in accordance with a valid contract, what (if any) damages are due, to rule on the various fraud allegations, and the authority to grant relief.

The County is not a party to the action as its involvement is limited to the issuance and closing of the permit in accordance with Charlotte County Code of Ordinances, Florida Statutes, and the Florida Building Code.  Once the County's inspector was able to confirm that work for permit 20220729013 had been constructed in accordance with the Florida Building Code and within the scope of the permit, the permit was closed.

I have met with the County Attorney, the Community Development Department, and County Administration to discuss and review your complaints and concerns regarding the permit and the County's permitting process. Despite the assertions in your correspondence of a County administrative hearing process to resolve your complaints or a due process hearing for alleged violations of civil rights in this instance, the County has no such process in place to address your complaints and thus the County cannot provide you with relief. No further action is required by County Staff or Administration as it relates to this closed permit, therefore, the County considers the matter closed.

Regards,

Jean D. Stasio

If you have a complaint regarding the HVAC company and wish to file a formal complaint regarding their business practices or workmanship, the Florida Attorney General's Office has a division devoted to Consumer Protection. Additional information regarding complaint process, and how to file a complaint can be found at https://www.myfloridalegal.com/how-to-contact-us/file-a-complaint. Additionally, as you may recall  from your prior conversation with DBPR, the Florida Department of Business and Professional Regulation regulates Certified Air Condition Contractors. If you haven't already, you may file a formal complaint with them at : http://www.myfloridalicense.com/DBPR/file-a-complaint/.

For informational purposes, if there is a construction defect, as defined in FS 558.002(5), Florida Statutes Chapter 558 provides an effective alternative dispute resolution mechanism in certain construction defect matters should involve the claimant filing a notice of claim with the contractor, subcontractor, supplier, or design professional that the claimant asserts is responsible for the defect, and should provide the contractor, subcontractor, supplier, or design professional, and the insurer of the contractor, subcontractor, supplier, or design professional, with an opportunity to resolve the claim through confidential settlement negotiations without resort to further legal process. Additional information, including how to file an action, can be found in the statutes http://www.leg.state.fl.us/Statutes/index.cfm?App_mode=Display_Statute&URL=0500-0599/0558/0558.html.

The County Attorney's Office is not at liberty to provide legal advice to private citizens. If you need an attorney, the Florida Bar Referral Service is available at 1-800-342-8011 or online at https://www.floridabar.org/public/lrs/.



**Jean D. Stasio**

Assistant County Attorney

Office of The County Attorney

18500 Murdock Circle, Ste. 573

Port Charlotte, FL 33948

941.743.1330

CharlotteCountyFL.gov

*"Delivering Exceptional Service"*

# RE: Request R/T permit # 20220729013

From: Jubb, Claire (claire.jubb@charlottecountyfl.gov)

To:    dunnfischer@aol.com

Date:   Tuesday, September 26, 2023 at 08:07 AM EDT

Ms. Dunn-Fischer,

Unfortunately I am out of town starting today for a week and would be unable to meet until I get back into the office.

I will have my assistant Natalie Sainchuk reach out to you to schedule some time.

Thanks



**Claire Jubb, AICP, CFM**
Assistant County Administrator
Charlotte County Board of County Commissioners
941.743.1241
CharlotteCountyFL.gov
*Delivering Exceptional Service*

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Monday, September 25, 2023 11:55 AM
**To:** Jubb, Claire <Claire.Jubb@charlottecountyfl.gov>
**Subject:** RE: Request R/T permit # 20220729013

Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.

I am available to meet with you Thursday or Friday this week. Can you please invite Shawn McNulty, since he is the new Building Official.

Thank you for your attention to this matter.

Terry Dunn-Fischer

Sent from AOL on Android

On Fri, Sep 22, 2023 at 3:50 PM, Jubb, Claire

<Claire.Jubb@charlottecountyfl.gov> wrote:

    Ms. Dunn-Fischer,

I am going to forward this to our County Attorney's Office – they may be familiar with the program you are referring to – I am not. Please let me clarify though, are you looking for the path to take action against the licensed contractor that installed the air conditioning or is there some other type of action you are looking for?

Thanks



**Claire Jubb, AICP, CFM**
Assistant County Administrator
Charlotte County Board of County Commissioners
941.743.1241
CharlotteCountyFL.gov
*Delivering Exceptional Service*

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Friday, September 22, 2023 10:37 AM
**To:** Jubb, Claire <Claire.Jubb@charlottecountyfl.gov>
**Subject:** Re: Request R/T permit # 20220729013

Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.

Dear Ms. Judd,

Thank you for your email. I do believe there is a process available threw the administrative Judge Realm, to resolve disputes with the Agency Clerk Department of Community Affairs located in Tallahassee, Florida. you may want to check with your superior related to the same.

I have asked for your support many times now and this is the first that you have responded.

Please advise,

Terry Dunn-Fischer

On Thursday, September 21, 2023 at 08:16:55 AM EDT, Jubb, Claire <claire.jubb@charlottecountyfl.gov> wrote:

Good morning Ms. Dunn-Fischer,

I am gathering some information from the department about the permit and I understand you met with Ben Bailey, our Community Development Director, yesterday to discuss the issues.

I'm a little unsure as to what action you would like us to take as we do not have a due process hearing but let me review the information and perhaps we can sit down to discuss your concerns further.

Thanks



**Claire Jubb, AICP, CFM**

Assistant County Administrator

Charlotte County Board of County Commissioners

941.743.1241

CharlotteCountyFL.gov

*Delivering Exceptional Service*

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Wednesday, September 20, 2023 9:59 PM
**To:** Jubb, Claire <Claire.Jubb@charlottecountyfl.gov>
**Subject:** Fw: Request R/T permit # 20220729013

Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.

Sent from AOL on Android

----- Forwarded Message -----

**From:** "dunnfischer@aol.com" <dunnfischer@aol.com>

**To:** "claire.judd@charlottecountyfl.gov" <claire.judd@charlottecountyfl.gov>

**Cc:**

**Sent:** Wed, Sep 20, 2023 at 9:32 PM

**Subject:** Request R/T permit # 20220729013

Dear Ms. Judd,

I am requesting a Due Process Hearing for violations of my civil rights, related to permit

Please initiate this process and refer to the proper person to insure, my request is not ignored.

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 57 of 96 PageID 213

Thank you, in advance for your attention to this written request.

_____x_____

Terry Lynn Dunn- Fischer

Dunnfischer@aol.com

941-977-9010

Sent from AOL on Android

## RE: Request for a copy of my entire File related to permit #20220729013

From:  McStravic, Jack (jack.mcstravic@charlottecountyfl.gov)

To:    dunnfischer@aol.com; ben.bailey@charlottecountyfl.gov; claire.jubb@charlottecountyfl.gov; shawn.mcnulty@charlottecountyfl.gov

Date:  Thursday, September 14, 2023 at 08:04 AM EDT


Good morning,

The printed copy is the Bld. Dept. admin, please ask for Kellyann or Marie.

Admin office is located through the double door to the left of the entrance door, there is a small lobby with a window.

Thank you



Jack D. McStravic
Deputy Building Official
Charlotte County Community Development
941-743-1249 - Direct
941-743-1292 - Fax
CharlotteCountyFL.gov
*Delivering Exceptional Service*

**CHARLOTTE COUNTY**
**FLORIDA**

We now offer virtual inspections on certain permit types through VuSpexGo. Check out our website for more information: **Virtual Inspections Are Here! | Charlotte County, FL (charlottecountyfl.gov)**


*Effective March 27th*, **Community Development will be closed at 3pm each business day. This applies to both public access and phone lines. Last customer will be accepted at 2:30pm.**


> **From:** dunnfischer@aol.com <dunnfischer@aol.com>
> **Sent:** Tuesday, September 12, 2023 7:27 AM
> **To:** McStravic, Jack <Jack.McStravic@charlottecountyfl.gov>; Bailey, Ben <Ben.Bailey@charlottecountyfl.gov>; Jubb, Claire <Claire.Jubb@charlottecountyfl.gov>; McNulty, Shawn <Shawn.McNulty@charlottecountyfl.gov>
> **Subject:** Re: Request for a copy of my entire File related to permit #20220729013
>
>
> Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.
> _____
>
> I would like to a printed copy off all the documents, notes and attachments that your office has related to said permit. I will gladly pick them up. Please advise when they are available.

On Friday, September 8, 2023 at 07:48:06 AM EDT, McStravic, Jack <jack.mcstravic@charlottecountyfl.gov> wrote:

Good morning,

The permit was submitted online, that is all of the information submitted and a complete permit history.

Would you like it printed to be picked up?

|  |  |
|---|---|
| **CHARLOTTE COUNTY** FLORIDA | Jack D. McStravic |
|  | Deputy Building Official |
|  | Charlotte County Community Development |
|  | 941-743-1249 - Direct |
|  | 941-743-1292 - Fax |
|  | CharlotteCountyFL.gov |
|  | *Delivering Exceptional Service* |

We now offer virtual inspections on certain permit types through VuSpexGo. Check out our website for more information: Virtual Inspections Are Here! | Charlotte County, FL (charlottecountyfl.gov)

*Effective March 27th*, **Community Development will be closed at 3pm each business day. This applies to both public access and phone lines. Last customer will be accepted at 2:30pm.**

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Thursday, September 7, 2023 7:20 PM
**To:** McStravic, Jack <Jack.McStravic@charlottecountyfl.gov>
**Cc:** Bailey, Ben <Ben.Bailey@charlottecountyfl.gov>; McNulty, Shawn <Shawn.McNulty@charlottecountyfl.gov>; claire.Judd@charlottecountyFL.gov
**Subject:** Re: Request for a copy of my entire File related to permit #20220729013

Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.

Per my requests, I am looking for a hard copy in it's entirety, to insure nothing gets missed.

Please advise me, when I can pick it up.

Thank you,

Terry Dunn-Fischer

On Thursday, September 7, 2023 at 03:29:40 PM EDT, McStravic, Jack <jack.mcstravic@charlottecountyfl.gov> wrote:

Good afternoon,

Please find attached requested documents.

Thank you



**CHARLOTTE COUNTY**
FLORIDA

Jack D. McStravic

Deputy Building Official

Charlotte County Community Development

941-743-1249 - Direct

941-743-1292 - Fax

CharlotteCountyFL.gov

*Delivering Exceptional Service*

We now offer virtual inspections on certain permit types through VuSpexGo. Check out our website for more information: Virtual Inspections Are Here! | Charlotte County, FL (charlottecountyfl.gov)

***Effective March 27th**, Community Development will be closed at 3pm each business day. This applies to both public access and phone lines. Last customer will be accepted at 2:30pm.*

# Charlotte County Inquiry

From:  Marks, Katherine (katherine.marks@mail.house.gov)

To:    dunnfischer@aol.com

Date:  Wednesday, September 13, 2023 at 11:46 AM EDT


Hi Ms. Dunn-Fischer. I am sorry you are having trouble with Charlotte Building Department. While we have no jurisdiction over county government, I am happy to get a quick summary of the issue with your contact information to send over to our contact.

Thank You,

**Katherine Marks**
Field Representative, Office of Congressman Greg Steube
226 Taylor Street. Suit #230
Punta Gorda, FL 33950



GREG
**STEUBE**
FLORIDA'S 17ᵀᴴ DISTRICT

4/21/26, 10:32 AM     (161 unread) - dunnfischer@aol.com - AOL Mail



Sent ×    Search your mail or the web    24/7 Help    Home

Compose

← Back ↰ ↰ ↱ Keep as New | Move | Delete | Spam ··

Today on AOL

New Mail  161
Old Mail
Starred
Drafts  3
Sent
Spam
Recently Deleted
∧ Less

Views  Show

Folders  Hide
+ New Folder
Saved Mail
al listing
Archive
Notebook
SavedIMs

### Re: Request for a copy of my entire File related to permit #20220729013

Aol/Sent ☆

**dunnfischer@aol.com**  🖨  Tue, Sep 12, 2023 at 7:26 AM ☆
**From:** dunnfischer@aol.com
**To:** McStravic, Jack, Ben Bailey, Claire Jubb, Shawn McNulty

I would like to a printed copy off all the documents, notes and attac has related to said permit. I will gladly pick them up. Please advise

On Friday, September 8, 2023 at 07:48:06 AM EDT, McStravic, Jack <jack.mcstra wrote:

Good morning,

The permit was submitted online, that is all of the information submitted and a cor

Would you like it printed to be picked up?

Jack D. McStravic

Deputy Building Official

Charlotte County Community Development

OPEN A HIGH YIELD SAVINGS ACCOUNT
AMERICAN EXPRESS
Learn More

Culver's
START YOUR DAY THE SV
ORDE
385

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 63 of 96 PageID 219

**From:** Bailey, Ben <Ben.Bailey@charlottecountyfl.gov>
**Sent:** Thursday, September 7, 2023 8:39 AM
**To:** dunnfischer@aol.com
**Cc:** McNulty, Shawn <Shawn.McNulty@charlottecountyfl.gov>; McStravic, Jack <Jack.McStravic@charlottecountyfl.gov>
**Subject:** RE: Request for a copy of my entire File related to permit #20220729013

Good morning,

I'll have Jack reach out to you to coordinate. Thanks

Respectfully,



**Ben Bailey** |Community Development Director



941.743.1211

CharlotteCountyFL.gov

*Delivering Exceptional Service*

**How was your service? <u>CLICK HERE</u> to let us know**

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Thursday, September 7, 2023 6:16 AM
**To:** Bailey, Ben <Ben.Bailey@charlottecountyfl.gov>
**Subject:** Re: Request for a copy of my entire File related to permit #20220729013

Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.

Good morning,                         9/6/2023

Thank you, for your responses to my questions, I appreciate the guidance. I need it in hard copy form, to insure it is a Complete file. I am able to pick it up, if the postage is an issue.

Case 2:26-cv-02121-SPC-KBH Document 1-1 Filed 07/01/26 Page 64 of 96 PageID 220

Please advise, when it is completed and I will come retrieve it.

Thank you again,

Terry Dunn-Fischer

820 Conreid Dr. NE

Port Charlotte, Fl. 33952

dunnfischer @aol.com

(941) 977-9010

On Wednesday, September 6, 2023 at 05:05:39 PM EDT, Bailey, Ben <ben.bailey@charlottecountyfl.gov> wrote:

I'll have Jack McStravic work on getting you the information you requested. I see you requested it mailed to you, would you be ok with us emailing it to you?

Respectfully,



**Ben Bailey** |Community Development Director

941.743.1211

CharlotteCountyFL.gov

*Delivering Exceptional Service*

**How was your service? CLICK HERE to let us know**

**From:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Wednesday, September 6, 2023 10:16 AM
**To:** Bailey, Ben <Ben.Bailey@charlottecountyfl.gov>
**Subject:** Request for a copy of my entire File related to permit #20220729013

Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.

Dear Mr. Bailey,                                9/6/2023

I am respectfully requesting a completed/entire copy of my file from the Charlotte County Government Community Development office.


I Believe it should include a revised Copy of my original permit #20220729013, which was submitted by First Charlotte A.C. & Refrigeration INC. Since this Licensed Contractor filed the original application as a replacement system, but actually the scope of the job was to read: A **"NEW ENTIRE SYSTEM, INCLUDING DUCT WORK, THERMOSTAT, DROPS AND RETURNS"**.


**Pursuant to The 2022 Florida Statutes, <u>Title XXXIII Chapter 553, 791</u> Building Code Standards/ Alternative plans review and inspection.**

(I)   "Permit application" means a properly completed and submitted application for the requested building or construction permit, including:

1.   The plans reviewed by the private provider.

2.   The affidavit from the private provider required under subsection (6).

3.   Any applicable fees.

4.   Any documents required by the local building official to determine that the fee owner has secured all other government approvals required by law.

(m)   "Plans" means building plans, site engineering plans, or site plans, or their functional equivalent, submitted by a fee owner or fee owner's contractor to a private provider or duly authorized representative for review.

(n)    "Private provider" means a person licensed as a building code administrator under part XII of chapter 468, as an engineer under chapter 471, or as an architect under chapter 481. For purposes of performing inspections under this section for additions and alterations that are limited to 1,000 square feet or less to residential buildings, the term "private provider" also includes a person who holds a standard certificate under part XII of chapter 468.

Please mail a hard copy of the entire file, to my home residence.

Thank you in advance,

X _____

Terry Dunn-Fischer

820 Conreid Dr. NE

Port Charlotte, Florida 33952

_____

4/21/26, 10:30 AM
Case 2:26-cv-02121-SPC-KRH Document 1-1 Filed 07/01/26 Page 67 of 96 PageID 223
(180 unread) - dunnfischer@aol.com - AOL Mail



Sent ×    Search your mail or the web                    24/7 Help    ⊚    Home

Compose

← Back  ↰  ↞  ➜  ✉ Keep as New   ⬛ Move   🗑 Delete   🛡 Spam  ··

Today on AOL

New Mail            160
Old Mail
Starred
Drafts               3
Sent
Spam
Recently Deleted
∧ Less

Views        Show

Folders      Hide
+ New Folder
Saved Mail
al listing
Archive
Notebook
SavedIMs

• Re: Request for a copy of my entire File related to permit #20220729013      Aol/Sent ☆

**T** • **dunnfischer@aol.com**        🖨 Thu, Sep 7, 2023 at 7:19 PM ☆
**From:** dunnfischer@aol.com
**To:** McStravic, Jack
**Cc:** Ben Bailey,
Shawn McNulty,
claire.Judd@charlottecounty

Per my requests, I am looking for a hard copy in it's entirety, to insu
Please advise me, when I can pick it up.

Thank you,

Terry Dunn-Fischer


On Thursday, September 7, 2023 at 03:29:40 PM EDT, McStravic, Jack
<jack.mcstravic@charlottecountyfl.gov> wrote:


Good afternoon,


Please find attached requested documents.


Thank you


Jack D. McStravic

Case 2:26-cv-02121-SPC-KRH    Document 1-1    Filed 07/01/26    Page 68 of 96 PageID 224



Sent ×    Search your mail or the web                24/7 Help                Home

Compose

← Back    Keep as New    Move    Delete    Spam    ··

Today on AOL

New Mail          158
Old Mail
Starred
Drafts             3
**Sent**
Spam
Recently Deleted
⌃ Less

Views          Show

Folders        Hide

+ New Folder
  Saved Mail
  al listing
  Archive
  Notebook
  SavedIMs

### Fw: !st Request for fare to face meeting                AoI/Sent ☆

dunnfischer@aol.com          Wed, Jul 5, 2023 at 11:56 AM ☆
**From:**
dunnfischer@aol.com
**To:** Ben Bailey

Dear Mr. Bailey,

Please be advised, that this is the first email I sent to you.
You sated, that you never received it in your response to my
second request email. Please include this in the HVAC
application for permit file. My request is based on the Florida
Licensure Organizations, section under witnesses of the
dispute, in my attempt to cure the problems back in 8/22
produced by First Charlotte design and installation failures,
under said permit. Since I am the Homeowner/ consumer
under the Home Improvement Protection ACT.

Thank you,

Terry Dunn-Fischer RN., BSN Licensed Mental Health
Professional


----- Forwarded Message -----
**From:** "dunnfischer@aol.com" <dunnfischer@aol.com>
**To:** Ben.Bailey@CharlotteCountyFL.gov
<ben.bailey@charlottecountyfl.gov>
**Sent:** Thursday, August 11, 2022 at 05:50:05 AM EDT
**Subject:** Request for fare to face meeting

Dear Mr. Bailey,

    Good morning, I am reaching out to you to request a meeting
related to a permit that was obtained thew your Community
Development Department. Said permit # (20220729013), was to be
submitted, approved and adequately inspected as a "NEW INSTALL",



Compose

← Back  ↩  ⇇  ➡  ✉ Keep as New   📁 Move   🗑 Delete   🛡 Spam   ••   📇  📖  📝  ❓                    ⚙

Today on AOL

New Mail        158

Old Mail

Starred

Drafts            3

**Sent**

Spam

Recently Deleted

⌄ Less

Views        Show

Folders        Hide

+ New Folder

Saved Mail

al listing

Archive

Notebook

SavedIMs

Fw: To be added to my Permit file See attached Estimate from Eze Air Solutions        Aol/Sent ☆

**dunnfischer@aol.co**  🖶  📎          Wed, Jul 5, 2023 at 11:23 AM  ☆
**From:**
dunnfischer@aol.com
**To:** Ben Bailey

Dear Mr. Bailey, Please be advised I intent to file a written complaint with exhibits, to the Florida Licensure Board related to "first Charlotte HVAC company" related to the damages I have endured, secondary to the design failures. I had to state that you were informed of the same, in a timely fashion , pursuant to the chain of command policy.

Thank you,

Terry Dunn-Fischer, homeowner.

----- Forwarded Message -----
**From:** EZE Air Solutions <ezeairsolutionsllc@outlook.com>
**To:** dunnfischer@aol.com <dunnfischer@aol.com>
**Sent:** Tuesday, January 24, 2023 at 12:15:48 PM EST
**Subject:** Estimate from Eze Air Solutions

Hi Terry,

I have attached your estimate to this email. If everything is good to go and you approve it just email us back in this email saying its approved. If you have any questions please let us know.

Looking forward to hearing from you!

L'ORÉAL PARIS
ELVIVE
GLYCOLIC + GLOSS
INSTANT HIGH SHINE
SHOP NOW
Walmart

ULTA BEAUTY
All your routines, all at Ulta.
Beauty happens here.
Shop now

## RE: Second request for a meeting

From:  Bailey, Ben (ben.bailey@charlottecountyfl.gov)

To:    dunnfischer@aol.com

Cc:    jack.mcstravic@charlottecountyfl.gov

Date:  Monday, August 22, 2022 at 08:12 AM EDT

Good morning,

I apologize but I don't recall getting the first request to meet with you and I've checked voice messages and emails and nothing appears. I've read the notes on the permit and spoke the Deputy Building Official and it appears that the issue is about placement of a/c vents in your home that never had a/c. As much as I'd like to be able to help in this matter, the Florida Mechanical Code doesn't have specific regulations on placement of a/c supply vents that we would be able to cite. Placement of supply grills is determined by the mechanical contractor and that can be challenging in a home that was never designed to have air conditioning. If you feel as though there is a construction defect you can pursue the contractor civilly by following the guidelines in Florida Statute 558 for construction defects.

If you have any further questions or concerns feel free to contact me.

Respectfully,



**Ben Bailey** | Community Development Director
Building Official
Floodplain Administrator
941.743.1211
CharlotteCountyFL.gov
*Delivering Exceptional Service*

CHARLOTTE COUNTY
FLORIDA

**How was your service? CLICK HERE to let us know**

From: dunnfischer@aol.com <dunnfischer@aol.com>
Sent: Friday, August 19, 2022 8:40 AM
To: Bailey, Ben <Ben.Bailey@charlottecountyfl.gov>
Subject: Second request for a meeting

Caution – This email originated from outside of our organization. Please do not open any attachments or click on any links from unknown sources or unexpected email.

Dear Sir,

I am reaching out to you again, to request a face to face meeting related to the actions of permit #20220729013, which was per the permit history filed incorrectly and modified by your deputy inspector. I am now respectfully requesting that this meeting be a field meeting at the below property site.

To date, I am yet to receive a reply related to the same.

Please advise me on your position after reviewing its history and errors.

Thank you, again for your attention to this matter.

Terry L. Dunn-Fischer 8/19/2022

Home owner of: 820 Conreid Dr. NE

Port Charlotte, Florida 33952



Dear Sir,

I am reaching out to you again, to request a face to face meeting related to the actions of permit #20220729013, which was per the permit history filed incorrectly and modified by your deputy inspector. I am now respectfully requesting that this meeting be a field meeting at the below property site.

To date, I am yet to receive a reply related to the same.

Please advise me on your position after reviewing its history and errors.

Thank you, again for your attention to this matter.

_____X_____
Terry L. Dunn-Fischer 8/19/2022

Home owner of: 820 Conreid Dr. NE
Port Charlotte, Florida 33952



Search your mail or the web                                    24/7 Help          Home

Compose          ← Back  ↩  ↩  ➡  Keep as New  Move  Delete  Spam  ··

Today on AOL

**New Mail**    157          Fw: Request for fare to face meeting          Aol/Old Mail ☆

Old Mail

Starred                      **dunnfischer@aol.com**          🖨  Tue, Apr 21 at 10:05 AM ☆
                             From: dunnfischer@aol.com
Drafts          3            To: Terry Dunn-Fischer

Sent

Spam                         ---- Forwarded Message ----
                             From: "dunnfischer@aol.com" <dunnfischer@aol.com>
Recently Deleted             To: Ben.Bailey@CharlotteCountyFL.gov
                             <ben.bailey@charlottecountyfl.gov>
⌃ Less                       Sent: Thursday, August 11, 2022 at 05:50:05 AM EDT
                             Subject: Request for fare to face meeting

Views           Show         Dear Mr. Bailey,

Folders         Hide             Good morning, I am reaching out to you to request a meeting
                             related to a permit that was obtained thew your Community
+ New Folder                 Development Department. Said permit # (20220729013), was to be
                             submitted, approved and adequately inspected as a "NEW INSTALL",
Saved Mail                   for the same. I am respectfully requesting a review of the these actions
                             and have followed the proper chain of command and policies/protocols
                             and procedures, to request your services.

                                 I am requesting this meeting be scheduled ASAP.

IF YOU'D LIKE TO EARN UP TO
**110,000**
BONUS MILES,
YOU SHOULD
PROBABLY

4/21/26, 9:55 AM ~~Case 2:26-cv-02121-SPC-KRH~~ AOL Mail - Copy Of Regulation R403 (pertaining to placement of New HVAC system)/ a better assessment would be under the duct...

230

# Copy Of Regulation R403 (pertaining to placement of New HVAC system)/ a better assessment would be under the duct work/testing, etc. please include in all area per regulation in any upcoming inspection.

From: dunnfischer@aol.com

To: jack.mcstravic@charlottecountyfl.gov; dunnfischer@aol.com

Date: Tuesday, August 9, 2022 at 10:43 AM EDT

Section R403 Systems

**R403.1 Controls**

**R403.1.1 Thermostat Provision (Mandatory)**
At least one thermostat shall be provided for each separate heating and cooling system.

**R403.1.2 Programmable Thermostat (Prescriptive)**
The thermostat controlling the primary heating or cooling system of the dwelling unit shall be capable of controlling the heating and cooling system on a daily schedule to maintain different temperature set points at different times of the day. This thermostat shall include the capability to set back or temporarily operate the system to maintain *zone* temperatures down to 55°F (13°C) or up to 85°F (29°C). The thermostat shall initially be programmed by the manufacturer with a heating temperature set point no higher than 70°F (21°C) and a cooling temperature set point no lower than 78°F (26°C).

**R403.1.3 Heat Pump Supplementary Heat (Mandatory)**
Heat pumps having supplementary electric-resistance heat shall have controls that, except during defrost, prevent supplemental heat operation when the heat pump compressor can meet the heating load.

**R403.2 Hot Water Boiler Outdoor Temperature Setback**
Hot water boilers that supply heat to the building through one- or two-pipe heating systems shall have an outdoor setback control that lowers the boiler water temperature based on the outdoor temperature.

**R403.3 Ducts**
Ducts and air handlers shall be in accordance with Sections R403.3.1 through R403.3.5.

**R403.3.1 Insulation (Prescriptive)**
Supply and return ducts in attics shall be insulated to a minimum of R-8 where 3 inches (76 mm) in diameter and greater and R-6 where less than 3 inches (76 mm) in diameter. Supply and return ducts in other portions of the building shall be insulated to a minimum of R-6 where 3 inches (76 mm) in diameter or greater and R-4.2 where less than 3 inches (76 mm) in diameter.
**Exception:** Ducts or portions thereof located completely inside the *building thermal envelope*.

Case 2:26-cv-02121-SPC-KRH   Document 1-1   Filed 07/01/26   Page 75 of 96 PageID 231

## R403.3.2 Sealing (Mandatory)

All ducts, air handlers, filter boxes and building cavities that form the primary air containment passageways for air distribution systems shall be considered ducts or plenum chambers, shall be constructed and sealed in accordance with Section C403.2.9.2 of the Commercial Provisions of this code and shall be shown to meet duct tightness criteria below.

Duct tightness shall be verified by testing in accordance with ANSI/RESNET/ICC 380 by either individuals as defined in Section 553.993(5) or (7), *Florida Statutes*, or individuals licensed as set forth in Section 489.105(3)(f), (g) or (i), *Florida Statutes*, to be "substantially leak free" in accordance with Section R403.3.3.

### R403.3.2.1 Sealed Air Handler

Air handlers shall have a manufacturer's designation for an air leakage of no more than 2 percent of the design airflow rate when tested in accordance with ASHRAE 193.

## R403.3.3 Duct Testing (Mandatory)

Ducts shall be pressure tested to determine air leakage by one of the following methods:

1. Rough-in test: Total leakage shall be measured with a pressure differential of 0.1 inch w.g. (25 Pa) across the system, including the manufacturer's air handler enclosure if installed at the time of the test. All registers shall be taped or otherwise sealed during the test.

2. Postconstruction test: Total leakage shall be measured with a pressure differential of 0.1 inch w.g. (25 Pa) across the entire system, including the manufacturer's air handler enclosure. Registers shall be taped or otherwise sealed during the test.

**Exceptions:**

1. A duct air leakage test shall not be required where the ducts and air handlers are located entirely within the building thermal envelope.

2. Duct testing is not mandatory for buildings complying by Section R405 of this code. Duct leakage testing is required for Section R405 compliance where credit is taken for leakage, and a duct air leakage $Q_n$ to the outside of less than 0.080 (where $Q_n$ = duct leakage to the outside in cfm per 100 square feet of conditioned floor area tested at 25 Pascals) is indicated in the compliance report for the *proposed design.*

A written report of the results of the test shall be signed by the party conducting the test and provided to the *code official.*

## R403.3.4 Duct Leakage (Prescriptive)

The total leakage of the ducts, where measured in accordance with Section R403.3.3, shall be as follows:

1. Rough-in test: The total leakage shall be less than or equal to 4 cubic feet per minute (113.3 L/min) per 100 square feet (9.29 $m^2$) of conditioned floor area where the air handler is installed at the time of the test. Where the air handler is not installed at the time of the test, the total leakage shall be less than or equal to 3 cubic feet per minute (85 L/min) per 100 square feet (9.29 $m^2$) of conditioned floor area.

2. Postconstruction test: Total leakage shall be less than or equal to 4 cubic feet per minute (113.3 L/min) per 100 square feet (9.29 m$^2$) of conditioned floor area.

## R403.3.5 Building Cavities (Mandatory)

Building framing cavities shall not be used as ducts or plenums.

## R403.3.6 Air-Handling Units

Air-handling units shall not be installed in the attic when a home is brought into code compliance by Section R402. Air-handling units shall be allowed in attics for compliance by Section R405 only if the following conditions are met:

1. The service panel of the equipment is located within 6 feet (1829 mm) of an attic access.

2. A device is installed to alert the owner or shut down the unit when the condensation drain is not working properly.

3. The attic access opening is of sufficient size to replace the air handler.

4. A notice is posted on the electric service panel indicating to the homeowner that the air handler is located in the attic. Said notice shall be in all capitals, in 16-point type, with the title and first paragraph in bold:

### NOTICE TO HOMEOWNER

**A PART OF YOUR AIR-CONDITIONING SYSTEM, THE AIR HANDLER, IS LOCATED IN THE ATTIC. FOR PROPER, EFFICIENT AND ECONOMIC OPERATION OF THE AIRCONDITIONING SYSTEM, YOU MUST ENSURE THAT REGULAR MAINTENANCE IS PERFORMED. YOUR AIR-CONDITIONING SYSTEM IS EQUIPPED WITH ONE OR BOTH OF THE FOLLOWING: (1) A DEVICE THAT WILL ALERT YOU WHEN THE CONDENSATION DRAIN IS NOT WORKING PROPERLY OR (2) A DEVICE THAT WILL SHUT DOWN THE SYSTEM WHEN THE CONDENSATION DRAIN IS NOT WORKING. TO LIMIT POTENTIAL DAMAGE TO YOUR HOME, AND TO AVOID DISRUPTION OF SERVICE, IT IS RECOMMENDED THAT YOU ENSURE PROPER WORKING ORDER OF THESE DEVICES BEFORE EACH SEASON OF PEAK OPERATION.**

## R403.4 Mechanical System Piping Insulation (Mandatory)

Mechanical system piping capable of carrying fluids above 105°F (41°C) or below 55°F (13°C) shall be insulated to a minimum of R-3.

## R403.4.1 Protection of Piping Insulation

Piping insulation exposed to weather shall be protected from damage, including that caused by sunlight, moisture, equipment maintenance and wind, and shall provide shielding from solar radiation that can cause degradation of the material. Adhesive tape shall not be permitted.

## R403.5 Service Hot Water Systems

Energy conservation measures for service hot water systems shall be in accordance with Sections R403.5.1 through R403.5.6.

## R403.5.1 Heated Water Circulation and Temperature Maintenance Systems (Mandatory)

If heated water circulation systems are installed, they shall be in accordance with Section R403.5.1.1. Heat trace temperature maintenance systems shall be in accordance with Section R403.5.1.2. Automatic controls, temperature sensors and pumps shall be accessible. Manual controls shall be readily accessible.

### R403.5.1.1 Circulation Systems

Heated water circulation systems shall be provided with a circulation pump. The system return pipe shall be a dedicated return pipe or a cold water supply pipe. Gravity and thermosyphon circulation systems shall be prohibited. Controls for circulating hot water system pumps shall start the pump based on the identification of a demand for hot water within the occupancy. The controls shall automatically turn off the pump when the water in the circulation loop is at the desired temperature and when there is no demand for hot water.

### R403.5.1.2 Heat Trace Systems

Electric heat trace systems shall comply with IEEE 515.1 or UL 515. Controls for such systems shall automatically adjust the energy input to the heat tracing to maintain the desired water temperature in the piping in accordance with the times when heated water is used in the occupancy.

### R403.5.2 Demand Recirculation Systems

A water distribution system having one or more recirculation pumps that pump water from a heated water supply pipe back to the heated water source through a cold water supply pipe shall be a *demand recirculation water system*. Pumps shall have controls that comply with both of the following:

1. The control shall start the pump upon receiving a signal from the action of a user of a fixture or appliance, sensing the presence of a user of a fixture or sensing the flow of hot or tempered water to a fixture fitting or appliance.

2. The control shall limit the temperature of the water entering the cold water piping to 104°F (40°C).

### R403.5.3 Hot Water Pipe Insulation (Prescriptive)

Insulation for hot water pipe with a minimum thermal resistance (*R*-value) of R-3 shall be applied to the following:

1. Piping $^3/_4$ inch (19.1 mm) and larger in nominal diameter.

2. Piping serving more than one dwelling unit.

3. Piping located outside the conditioned space.

4. Piping from the water heater to a distribution manifold.

5. Piping located under a floor slab.

4/21/26, 9:55 AM    AOL Mail - Copy Of Regulation R403 (pertaining to placement of new HVAC system) a better assessment would be under the duct...

234

6. Buried in piping.

7. Supply and return piping in recirculation systems other than demand recirculation systems.

**R403.5.4 Drain Water Heat Recovery Units**
Drain water heat recovery units shall comply with CSA B55.2. Drain water heat recovery units shall be tested in accordance with CSA B55.1. Potable water-side pressure loss of drain water heat recovery units shall be less than 3 psi (20.7 kPa) for individual units connected to one or two showers. Potable water-side pressure loss of drain water heat recovery units shall be less than 2 psi (13.8 kPa) for individual units connected to three or more showers.

**R403.5.5 Heat Traps (Mandatory)**
Storage water heaters not equipped with integral heat traps and having vertical pipe risers shall have heat traps installed on both the inlets and outlets. External heat traps shall consist of either a commercially available heat trap or a downward and upward bend of at least $3^1/_2$ inches (89 mm) in the hot water distribution line and cold water line located as close as possible to the storage tank.

**R403.5.6 Water Heater Efficiencies (Mandatory)**

**R403.5.6.1 Storage Water Heater Temperature Controls**

**403.5.6.1.1 Automatic Controls**
Service water-heating systems shall be equipped with automatic temperature controls capable of adjustment from the lowest to the highest acceptable temperature settings for the intended use. The minimum temperature setting range shall be from 100°F to 140°F (38°C to 60°C).

**R403.5.6.1.2 Shut Down**
A separate switch or a clearly marked circuit breaker shall be provided to permit the power supplied to electric service systems to be turned off. A separate valve shall be provided to permit the energy supplied to the main burner(s) of combustion types of service water-heating systems to be turned off.

4/21/26, 9:55 AM                AOL Mail - Copy Of Regulation R403 (pertaining to placement of New HVAC system) a better assessment would be under the duct...

235

### R403.5.6.2 Water-Heating Equipment

Water-heating equipment installed in residential units shall meet the minimum efficiencies of Table C404.2 in Chapter 4 of the *Florida Building Code, Energy Conservation*, Commercial Provisions, for the type of equipment installed. Equipment used to provide heating functions as part of a combination system shall satisfy all stated requirements for the appropriate water-heating category. Solar water heaters shall meet the criteria of Section R403.5.6.2.1.

### R403.5.6.2.1 Solar Water-Heating Systems

Solar systems for domestic hot water production are rated by the annual solar energy factor of the system. The solar energy factor of a system shall be determined from the Florida Solar Energy Center Directory of Certified Solar Systems. Solar collectors shall be tested in accordance with ISO Standard 9806, *Test Methods for Solar Collectors*, and SRCC Standard TM-1, *Solar Domestic Hot Water System and Component Test Protocol*. Collectors in installed solar water-heating systems should meet the following criteria:

1. Be installed with a tilt angle between 10 degrees and 40 degrees of the horizontal; and

2. Be installed at an orientation within 45 degrees of true south.

### R403.6 Mechanical Ventilation (Mandatory)

The building shall be provided with ventilation that meets the requirements of the *Florida Building Code, Residential*, or *Florida Building Code, Mechanical*, as applicable, or with other approved means of ventilation including: Natural, Infiltration or Mechanical means. Outdoor air intakes and exhausts shall have automatic or gravity dampers that close when the ventilation system is not operating.

### R403.6.1 Whole-House Mechanical Ventilation System Fan Efficacy

When installed to function as a whole-house mechanical ventilation system, fans shall meet the efficacy requirements of Table R403.6.1.
**Exception:** Where an air handler that is integral to tested and listed HVAC equipment is used to provide whole-house mechanical ventilation, the air handler shall be powered by an electronically commutated motor.
TABLE R403.6.1
WHOLE-HOUSE MECHANICAL VENTILATION SYSTEM FAN EFFICACY

| FAN LOCATION | AIRFLOW RATE MINIMUM (CFM) | MINIMUM EFFICACY[a] (CFM/WATT) | AIRFLOW RATE MAXIMUM (CFM) |
|---|---|---|---|
| HRV or ERV | Any | 1.2 cfm/watt | Any |
| Range hoods | Any | 2.8 cfm/watt | Any |

| In-line fan | Any | 2.8 cfm/watt | Any |
|---|---|---|---|
| Bathroom, utility room | 10 | 1.4 cfm/watt | < 90 |
| Bathroom, utility room | 90 | 2.8 cfm/watt | Any |

For SI: 1 cfm = 28.3 L/min.

    a. When tested in accordance with HVI Standard 916.

**R403.6.2 Ventilation Air**

Residential buildings designed to be operated at a positive indoor pressure or for mechanical ventilation shall meet the following criteria:

1. The design air change per hour minimums for residential buildings in ASHRAE 62.2, *Ventilation for Acceptable Indoor Air Quality*, shall be the maximum rates allowed for residential applications.

2. No ventilation or air-conditioning system make-up air shall be provided to conditioned space from attics, crawlspaces, attached enclosed garages or outdoor spaces adjacent to swimming pools or spas.

3. If ventilation air is drawn from enclosed space(s), then the walls of the space(s) from which air is drawn shall be insulated to a minimum of R-11 and the ceiling shall be insulated to a minimum of R-19, space permitting, or R-10 otherwise.

**R403.7 Heating and Cooling Equipment**

**R403.7.1 Equipment Sizing (Mandatory)**

Heating and cooling equipment shall be sized in accordance with ACCA Manual S based on the equipment loads calculated in accordance with ACCA Manual J or other *approved* heating and cooling calculation methodologies, based on building loads for the directional orientation of the building. The manufacturer and model number of the outdoor and indoor units (if split system) shall be submitted along with the sensible and total cooling capacities at the design conditions described in Section R302.1. This Code does not allow designer safety factors, provisions for future expansion or other factors that affect equipment sizing. System sizing calculations shall not include loads created by local intermittent mechanical ventilation such as standard kitchen and bathroom exhaust systems. New or replacement heating and cooling equipment shall have an efficiency rating equal to or greater than the minimum required by federal law for the geographic location where the equipment is installed.

**R403.7.1.1 Cooling Equipment Capacity**

Cooling only equipment shall be selected so that its total capacity is not less than the calculated total load but not more than 1.15 times greater than the total load calculated according to the procedure selected in Section R403.7, or the closest available size provided by the manufacturer's product lines. The corresponding latent capacity of the equipment shall not be less than the calculated latent load.

    The published value for AHRI total capacity is a nominal, rating-test value and shall not be used for equipment sizing. Manufacturer's expanded performance data shall be used to select cooling-only equipment. This selection shall be based on the outdoor design dry-bulb temperature for the load calculation (or entering water temperature for water-source equipment), the blower CFM provided by the expanded performance data, the design value for entering wet-bulb temperature and the design value for entering dry-bulb temperature.

    Design values for entering wet-bulb and dry-bulb temperatures shall be for the indoor dry bulb and relative humidity used for the load calculation and shall be adjusted for return side gains if the return duct(s) is installed in an unconditioned space.

**Exceptions:**

**R403.7.1.3 Extra Capacity Required for Special Occasions**

Residences requiring excess cooling or heating equipment capacity on an intermittent basis, such as anticipated additional loads caused by major entertainment events, shall have equipment sized or controlled to prevent continuous space cooling or heating within that space by one or more of the following options:

1. A separate cooling or heating system is utilized to provide cooling or heating to the major entertainment areas.

2. A variable capacity system sized for optimum performance during base load periods is utilized.

**R403.7.2 Electric Space Heating (Prescriptive)**

Electric resistance space heating shall not be the primary heating system used in Climate Zone 2.

**R403.8 Systems Serving Multiple Dwelling Units (Mandatory)**

Systems serving multiple dwelling units shall comply with Sections C403 and C404 of the *Florida Building Code, Energy Conservation—Commercial Provisions* in lieu of Section R403.

**R403.9 Snow Melt and Ice System Controls (Mandatory)**

Snow- and ice-melting systems, supplied through energy service to the building, shall include automatic controls capable of shutting off the system when the pavement temperature is above 50°F (10°C), and no precipitation is falling and an automatic or manual control that will allow shutoff when the outdoor temperature is above 40°F (4.8°C).

**R403.10 Pools and Permanent Spa Energy Consumption (Mandatory)**

The energy consumption of pools and permanent spas shall be in accordance with Sections R403.10.1 through R403.10.5.

**R403.10.1 Heaters**

The electric power to heaters shall be controlled by a readily *accessible* on-off switch that is an integral part of the heater mounted on the exterior of the heater, or external to and within 3 feet (914 mm) of the heater. Operation of such switch shall not change the setting of the heater thermostat. Such switches shall be in addition to a circuit breaker for the power to the heater. Gas-fired heaters shall not be equipped with continuously burning ignition pilots.

**R403.10.2 Time Switches**

Time switches or other control methods that can automatically turn off and on according to a preset schedule shall be installed for heaters and pump motors. Heaters and pump motors that have built-in time switches shall be in compliance with this section.

**Exceptions:**

1. Where public health standards require 24-hour pump operation.

2. Pumps that operate solar- and waste-heat-recovery pool heating systems.

4/21/26, 9:55 AM    AOL Mail - Copy Of Regulation R403 (pertaining to placement of New HVAC system) a better assessment would be under the duct…

238

3. Where pumps are powered exclusively from onsite renewable generation.

**R403.10.3 Covers**
Outdoor heated swimming pools and outdoor permanent spas shall be equipped with a vaporretardant cover on or at the water surface or a liquid cover or other means proven to reduce heat loss.
**Exception:** Where more than 70 percent of the energy for heating, computed over an operation season, is from site-recovered energy, such as from a heat pump or solar energy source, covers or other vapor-retardant means shall not be required.

**R403.10.4 Gas- And Oil-Fired Pool and Spa Heaters**
All gas- and oil-fired pool and spa heaters shall have a minimum thermal efficiency of 82 percent for heaters manufactured on or after April 16, 2013, when tested in accordance with ANSI Z 21.56. Pool heaters fired by natural or LP gas shall not have continuously burning pilot lights.

**R403.10.5 Heat Pump Pool Heaters**
Heat pump pool heaters shall have a minimum COP of 4.0 when tested in accordance with AHRI 1160, Table 2, Standard Rating Conditions-Low Air Temperature. A test report from an independent laboratory is required to verify procedure compliance. Geothermal swimming pool heat pumps are not required to meet this standard.

**R403.11 Portable Spas (Mandatory)**
The energy consumption of electric-powered portable spas shall be controlled by the requirements of APSP-14.

**R403.12 Residential Pools and Permanent Residential Spas**
Residential swimming pools and permanent residential spas that are accessory to detached one- and two-family dwellings and townhouses three stories or less in height above grade plane and that are available only to the household and its guests shall be in accordance with APSP-15.

**R403.13 Dehumidifiers (Mandatory)**
If installed, a dehumidifier shall conform to the following requirements:

1. The minimum rated efficiency of the dehumidifier shall be greater than 1.7 liters/kWh if the total dehumidifier capacity for the house is less than 75 pints/day and greater than 2.38 liters/kWh if the total dehumidifier capacity for the house is greater than or equal to 75 pints/day.

2. The dehumidifier shall be controlled by a sensor that is installed in a location where it is exposed to mixed house air.

3. Any dehumidifier unit located in unconditioned space that treats air from conditioned space shall be insulated to a minimum of R-2.

4. Condensate disposal shall be in accordance with Section M1411.3.1 of the *Florida Building Code, Residential*.

4/21/26, 9:55 AM
Case 2:26-cv-02121-SPC-KRH   Document 1-1   Filed 07/01/26   Page 83 of 96 PageID
AOL Mail - Copy Of Regulation R403 (pertaining to placement of New HVAC system) a better assessment would be under the duct...
239

**R403.13.1 Ducted Dehumidifiers**

Ducted dehumidifiers shall, in addition to conforming to the requirements of Section R403.13, conform to the following requirements:

1. If a ducted dehumidifier is configured with return and supply ducts both connected into the supply side of the cooling system, a backdraft damper shall be installed in the supply air duct between the dehumidifier inlet and outlet duct.

2. If a ducted dehumidifier is configured with only its supply duct connected into the supply side of the central heating and cooling system, a backdraft damper shall be installed in the dehumidifier supply duct between the dehumidifier and central supply duct.

3. A ducted dehumidifier shall not be ducted to or from a central ducted cooling system on the return duct side upstream from the central cooling evaporator coil.

4. Ductwork associated with a dehumidifier located in unconditioned space shall be insulated to a minimum of R-6.

ROGER D. EATON, CHARLOTTE COUNTY CLERK OF CIRCUIT COURT OR BOOK: 5018, PGS: 473 , PAGE: 1 OF 1
INSTR # 3127655 Doc Type: NOC, Recorded: 7/14/2022 at 9:17 AM
Rec. Fee: RECORDING $10.00   ERECORDED  Cashier By: NLANE

<u>NOTICE OF COMMENCEMENT</u>

State of Florida                                    Permit Number: 20220729013

County of Charlotte                              Tax Folio or Parcel Number: 402227285006

The undersigned hereby gives notice that improvement will be made to certain real property, and in accordance with Chapter 713, Florida Statutes, the following information is provided in this Notice of Commencement.

1.  Description of Property (a complete legal description <u>or</u> parcel number; <u>and</u> a complete street address with city/state/zip code, if available):
    820 CONREID DR. PORT CHARLOTTE, FL 33952

2.  General Description of Improvement: INSTALL 2-TON SPLIT SYSTEM AND DUCTING.
3.  Owner Information:

    a.  Name: TERRY LYNN DUNN-FISCHER

    b.  Address: 820 CONREID DR.                   City/State/Zip Code: PORT CHARLOTTE, FL 33952

    c.  Interest in Property: _____

    d.  Name <u>and</u> Address of Fee Simple Title Holder (if different from the Owner listed above): _____

4.  Contractor Information:

    a.  Name: FIRST CHARLOTTE A.C. & REFRIGERATION INC      Phone Number: 941-764-0005

    b.  Address: 416 COOPER ST.                      City/State/Zip Code: PUNTA GORDA, FL 33950
5.  Surety Information:

    a.  Name: _____                       Phone Number: _____

    b.  Address: _____                    City/State/Zip Code: _____

    c.  Bond Amount: $ _____
6.  Lender Information:

    a.  Name: _____                       Phone Number: _____

    b.  Address: _____                    City/State/Zip Code: _____
7.  Persons within the State of Florida Designated by Owner upon whom notices or other documents may be served as provided by Section 713.13(1)(a)7., Florida Statutes:

    Name/Address/Phone Number: _____
8.  In addition to himself/herself, Owner designates the following to receive a copy of Lienor's Notice as provided in Section 713.13(1)(b) Florida Statutes:

    Name/Address/Phone Number: _____
9.  Expiration Date of Notice of Commencement (the expiration date is one year from the recording date unless a different date is specified here): _____

WARNING TO OWNER: ANY PAYMENTS MADE BY THE OWNER AFTER THE EXPIRATION OF THE NOTICE OF COMMENCEMENT ARE CONSIDERED IMPROPER PAYMENTS UNDER CHAPTER 713, PART I, SECTION 713.13, FLORIDA STATUTES, AND CAN RESULT IN YOUR PAYING TWICE FOR IMPROVEMENTS TO YOUR PROPERTY. A NOTICE OF COMMENCEMENT MUST BE RECORDED AND POSTED ON THE JOB SITE BEFORE THE FIRST INSPECTION. IF YOU INTEND TO OBTAIN FINANCING, CONSULT WITH YOUR LENDER OR AN ATTORNEY BEFORE COMMENCING WORK OR RECORDING YOUR NOTICE OF COMMENCEMENT.

Under penalties of perjury, I declare that I have read the foregoing and that the facts in it are true to the best of my knowledge and belief (Section 92.525, Florida Statutes).

_____ (signature)                         TERRY L. DUNN -Fischer
Signature of Owner or Lessee, or Owner's or Lessee's Authorized      Printed Name
Officer/Director/Partner/Manager
                                                    Owner
                                                    Company Name and Title

State of Florida , County of Charlotte       Sworn to (or affirmed) and subscribed before me, by means of

☐ physical presence or ☐ online notarization, this 13 day of July , 20 22 by Terry Dunn - Fischer
                                                                          (name of person making statement)

☐ personally known, or ☐ produced identification with type of identification _____ID_____

_____ (signature)
Signature of Notary Public                          Printed or Stamped Commissioned Name of Notary Public
                                                    Carmen C. Thompson
                                                    Comm.: HH 235773
Notice of Commencement (Updated Dec 2021 | DJ: NoticeOfCommencement)   Expires: March 22, 2026
                                                    Notary Public - State of Florida

EXHIBIT
N

ROGER D. EATON, CHARLOTTE COUNTY CLERK OF CIRCUIT COURT OR BOOK: 5029, PGS: 1487 , PAGE: 1 OF 2
INSTR # 3136320 Doc Type: LN, Recorded: 8/4/2022 at 2:50 PM
Rec. Fee: RECORDING $18.50   ERECORDED  Cashier By: NLANE

### WARNING!

THIS LEGAL DOCUMENT REFLECTS THAT A CONSTRUCTION LIEN HAS BEEN PLACED ON THE REAL
PROPERTY LISTED HEREIN. UNLESS THE OWNER OF SUCH PROPERTY TAKES ACTION TO SHORTEN
THE TIME PERIOD, THIS LIEN MAY REMAIN VALID FOR ONE YEAR FROM THE DATE OF RECORDING
AND, SHALL EXPIRE AND BECOME NULL AND VOID THEREAFTER UNLESS LEGAL PROCEEDINGS HAVE
BEEN COMMENCED TO FORECLOSE OR TO DISCHARGE THIS LIEN.

### CLAIM OF LIEN

State of Florida
County of Charlotte

Before me, the undersigned notary public, personally appeared Darlene Cellamare, who was duly
sworn and says that she or he is Manager of First Charlotte A.C. & Refrigeration Inc, whose address
is 416 Cooper St. Punta Gorda, FL 33950; and that in accordance with a contract with Terry Dunn-
Fischer, lienor furnished labor, services, or materials consisting of installing a 2-ton straight cool split
system air conditioning unit and duct work, consisting of six duct runs on the following described real
property in Charlotte County, Florida:

(Legal description of real property)

820 CONREID DR PORT CHARLOTTE 33952

PORT CHARLOTTE SEC25 BLK2108 LT 4 72/605 606/1506 727/1867 737/958 946/489 1112/1036
E1118/1520 D/C2764/1790-AJO PR05-1965-AJO LOA2787/1389 2853/1187 2853/1189 3579/1501
4908/172

owned by Terry Lynn Dunn-Fischer of a total value of $8,863.00, of which there remains unpaid
$8,863.00, and furnished the first of the items on August 2,2022, and the last of the items
on August 2,2022.

Darlene Cellamare, Manager



OR BOOK: 5029, PAGE NUMBER: 1488 INSTR# 3136320  PAGE: 2 OF 2

Sworn to (or affirmed) and subscribed before me this 4 day of August, 2022, by Darlene Cellamare.

_____
Signature of Notary Public - State of Florida

GAYLE LUBE
Commission # GG 316667
Expires April 1, 2023
Bonded Thru Budget Notary Services
Notary Commission Expires (stamp):

Personally Known (X) OR Produced Identification ( )
Type of Identification Produced:
Document produced by: Taylor Cellamare, Office Manager

**2022 FLORIDA PROFIT CORPORATION ANNUAL REPORT**

DOCUMENT# P04000031432

Entity Name: FIRST CHARLOTTE A.C. & REFRIGERATION, INC.

**FILED**
**Jan 27, 2022**
**Secretary of State**
**8490667935CC**

**Current Principal Place of Business:**

416 COOPER ST.
PUNTA GORDA, FL 33950

**Current Mailing Address:**

416 COOPER ST.
PUNTA GORDA, FL 33950 US

**FEI Number:** 65-1216887                    **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CELLAMARE, DARLENE RUTH
24050 RADIANCE LN.
PUNTA GORDA, FL 33950 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: DARLENE RUTH CELLAMARE                    01/27/2022

Electronic Signature of Registered Agent                    Date

**Officer/Director Detail :**

| | | | | |
|---|---|---|---|---|
| Title | PRESIDENT | | Title | MANAGER |
| Name | CELLAMARE, JOSEPH | | Name | CELLAMARE, DARLENE RUTH |
| Address | 24050 RADIANCE LN. | | Address | 24050 RADIANCE LN. |
| City-State-Zip: | PUNTA GORDA FL 33950 | | City-State-Zip: | PUNTA GORDA FL 33950 |

| | |
|---|---|
| Title | SECRETARY |
| Name | CELLAMARE, TAYLOR ANN |
| Address | 29213 HILLOCK ST. |
| City-State-Zip: | PUNTA GORDA FL 33982 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: JOSEPH CELLAMARE                    PRESIDENT                    01/27/2022

Electronic Signature of Signing Officer/Director Detail                    Date

# 2023 FLORIDA PROFIT CORPORATION ANNUAL REPORT

DOCUMENT# P04000031432

**Entity Name:** FIRST CHARLOTTE A.C. & REFRIGERATION, INC.

**FILED**
**Jan 19, 2023**
**Secretary of State**
**7417858003CC**

**Current Principal Place of Business:**

416 COOPER ST.
PUNTA GORDA, FL 33950

**Current Mailing Address:**

416 COOPER ST.
PUNTA GORDA, FL 33950 US

**FEI Number:** 65-1216887

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CELLAMARE, TAYLOR ANN
29213 HILLOCK ST.
PUNTA GORDA, FL 33982 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: TAYLOR ANN CELLAMARE                                    01/19/2023

_____                      _____
Electronic Signature of Registered Agent                              Date

## Officer/Director Detail :

| Title | PRESIDENT | Title | MANAGER, SECRETARY |
|---|---|---|---|
| Name | CELLAMARE, JOSEPH | Name | CELLAMARE, DARLENE RUTH |
| Address | 24050 RADIANCE LN. | Address | 24050 RADIANCE LN. |
| City-State-Zip: | PUNTA GORDA  FL  33950 | City-State-Zip: | PUNTA GORDA  FL  33950 |

| Title | MANAGER, SECRETARY |
|---|---|
| Name | CELLAMARE, TAYLOR ANN |
| Address | 29213 HILLOCK ST. |
| City-State-Zip: | PUNTA GORDA  FL  33982 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: TAYLOR ANN CELLAMARE                      MANAGER, SECRETARY      01/19/2023

_____                      _____      _____
Electronic Signature of Signing Officer/Director Detail                              Date

ROGER D. EATON, CHARLOTTE COUNTY CLERK OF CIRCUIT COURT OR BOOK: 5031, PGS: 1858 , PAGE: 1 OF 2
INSTR # 3137841 Doc Type: NCL, Recorded: 8/9/2022 at 12:11 PM
Rec. Fee: RECORDING $18.50   Cashier By: IVETTEH

**Unique Code : BAA-CABJBBACBIFJCA-BCABF-DBDHIEB-BCJFHE-A Page 1 of 2**

IN THE CIRCUIT COURT FOR
Charlotte COUNTY, FLORIDA

_____,

Plaintiff(s),

Case No. _____

v.

Division

_____,

Defendant(s).

## NOTICE OF CONTEST OF LIEN

STATE OF FLORIDA
COUNTY OF Charlotte

TO: First Charlotte Air & Refrig
416 Cooper Street
Punta Gorda, FL 33950
(Name and address of lienor)

You are notified that the undersigned contests the claim of lien filed by you on August 4th, 20 22 , and recorded in Official Records Book 5029 , Page 1487(108) , of the public records of Charlotte County, Florida, and that the time within which you may file suit to enforce your lien is limited to 60 days form the date of service of this Notice.

DATED this 9th day of August, 2022.

Signed: _____ (TERRYL.DUNN– Fischer)
Address: 820 Conrad Dr. NE.
Port Charlotte, FL 33952
Tel. No.: 239- 877-4534
E-Mail Address: dunnfischer@Aol.com.



I HEREBY CERTIFY THAT THIS DOCUMENT IS A TRUE AND CORRECT COPY OF AN OFFICIAL RECORD ON DOCUMENT AUTHORIZED BY LAW TO BE RECORDED OR FILED AND ACTUALLY RECORDED OR FILED IN THE OFFICE OF THE CHARLOTTE COUNTY CLERK OF THE CIRCUIT COURT & COMPTROLLER. THIS DOCUMENT MAY HAVE REDACTIONS AS REQUIRED BY LAW.

VISIT HTTP://CHARLOTTECLERK.COM TO VALIDATE THIS DOCUMENT.

Digitally signed by The Honorable Roger D. Eaton
Date: 2022.08.09 13:43:32 -04:00
Reason: Electronically Certified Copy
Location: 350 E. Marion Avenue, Punta Gorda, FL 33950.



EXHIBIT
D

OR BOOK: 5031, PAGE NUMBER: 1859 INSTR# 3137841 PAGE: 2 OF 2

Acknowledged before me on  8-9-22  , by  Terry Dunn - Fischer who is
(__) personally known to me / (__) produced f l driver license as identification, and
(__) did / (__) did not take an oath.

Notary Public or Deputy Clerk

JANET CAMPBELL
Notary Public - State of Florida
Commission # GG 952944
My Comm. Expires Apr 15, 2024
Bonded through National Notary Assn.

Commission No.: GG 952944

My Commission Expires: 4-15-24

CERTIFICATE OF SERVICE;

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING NOTICE OF CONTEST OF LIEN
HAS BEEN FURNISHED BY CERTIFIED MAIL ON AUGUST 9, 2020 TO FIRST CHARLOTTE AIR &
REFRIG, 416 COOPER STREET, PUNTA GORDA, FL  33950

ROGER D EATON
CHARLOTTE COUNTY CLERK OF THE COURT
BY: YVETTE HERNANDEZ, DEPUTY CLERK

Unique Code : BAA-CABJBBACBIFJCA-BCABF-DBDHIEB-BCJFHE-A Page 2 of 2

## CONTRACTOR'S FINAL PAYMENT AFFIDAVIT

STATE OF FLORIDA
COUNTY OF Charlotte

BEFORE ME, the undersigned authority, personally appeared DARLENE CELLAMARE. who, after being by me first duly sworn, deposes and says of personal knowledge as follows:

1.    I am the Manager of FIRST CHARLOTTE A.C. & REFRIGERATION, INC. which does business in the State of Florida, hereinafter referred to as the "Contractor."

2.    Contractor, pursuant to a contract with TERRY DUNN-FISCHER, hereinafter referred to as the "Owners," has furnished or caused to be furnished labor, material and services for the construction of certain improvements to real property located at 820 Conreid Dr NE, Port Charlotte, FL 33952, as more particularly set forth in said contract.

3.    This affidavit is executed by the Contractor in accordance with Section 713.06(3)(d), Florida Statutes for the purpose of obtaining final payment from the Owner in the principal amount of $8,863.00, which is now due and owing to Contractor.

4.    All work to be performed under the contract has been fully completed, and all lienors under the direct contract have been paid in full, except the followed listed lienors:

NAME OF LIENOR                              AMOUNT DUE

NONE

Signed, sealed and delivered this __19__ day of __August__, 2022.

FIRST CHARLOTTE A.C. &
REFRIGERATION, INC., a Florida corporation

Darlene Cellamare, Manager

STATE OF FLORIDA
COUNTY OF Charlotte

The foregoing instrument was sworn to and subscribed before me by means of ☐ physical presence or ☐ online notarization, this ____ day of August, 2022, by Darlene Cellamare, as manager of FIRST CHARLOTTE A.C. & REFRIGERATION, INC., a Florida corporation. She is ☒ personally known to me or [  ] has produced a _____ as identification.

Notary Public

GAYLE LUBE
Commission # GG 316687
Expires April 1, 2023
Bonded Thru Budget Notary Services

Exhibit P



EXHIBIT

P

*Transaction # 54582*

# Staples.

1825 Tamiami Trail
Port Charlotte, FL 33948
941-764-0555

Sale

---

REWARDS NUMBER  ******3588

***** REPRINT - REPRINT - REPRINT  *****
********* Not Valid for Refund *********
****************************************

| Qty | Item | Price | Amount |
|-----|------|-------|--------|

********* Order Number 2250096977*********

**ESSAY/DOCUMENT-CUS**
13    1980563                           41.08      533.98

**Questions on Customer Order 2250096977**
Call your local Staples Store

****************************************

|  | Subtotal | 533.98 |
|--|----------|--------|
|  | FLORIDA 7% | 37.38 |

---

|  | **Total** | **571.36** |
|--|-----------|-----------|
|  |  | USD$571.36 |

Mastercard
Card No. : XXXXXXXXXXXX5878 [C]
Chip Read
Auth No. : 56889P
Mode.: Issuer
AID.: A0000000041010
TVR.: 0000008000
IAD.: 011060700122000052D100000000000000FF
TSI.: E800
ARC.: 3030

## Staples.

1825 Tamiami Trail
Port Charlotte, FL 33948
941-764-0555

Sale

_____

REWARDS NUMBER  8814113588

***** REPRINT - REPRINT - REPRINT *****
********** Not Valid for Refund **********
*****************************************

| Qty | Item | Price | Amount |
|-----|------|-------|--------|

********* Order Number 4042172628*********

| | Copy | | |
|---|---|---|---|
| 1 | 2821512 | 29.12 | 29.12 T |

Item tax manually modified.

| | Copy | | |
|---|---|---|---|
| 1 | 2821512 | 28.48 | 28.48 T |

Item tax manually modified.

| | Copy | | |
|---|---|---|---|
| 1 | 2821512 | 29.12 | 29.12 T |

Item tax manually modified.

| | Copy | | |
|---|---|---|---|
| 1 | 2821512 | 29.12 | 29.12 T |

Item tax manually modified.

| | Copy | | |
|---|---|---|---|
| 1 | 2821512 | 29.12 | 29.12 T |

Item tax manually modified.

Subtotal    144.96
Modified Tax: 0%    10.15

_____

Total    155.11
USD $  155.11

MasterCard Credit Card
    ************5878
    Auth #: 76001P
    Transaction Type: Sale

72640

# Staples

1825 Tamiami Trail
Port Charlotte, FL 33948
941-764-0555

Sale
_____

REWARDS NUMBER  8814113588

***** REPRINT - REPRINT - REPRINT *****
********** Not Valid for Refund **********
*****************************************

| Qty | Item | Price | Amount |
|-----|------|-------|--------|

********* Order Number 4042172640*********

Copy
| 1 | 2821512 | | 16.64 | 16.64 T |

Item tax manually modified.

Copy
| 1 | 2821512 | | 12.48 | 12.48 T |

Item tax manually modified.

Copy
| 1 | 2821512 | | 16.64 | 16.64 T |

Item tax manually modified.

Copy
| 1 | 2821512 | | 12.48 | 12.48 T |

Item tax manually modified.

|  | Subtotal | 58.24 |
|--|----------|-------|
|  | Modified Tax: 0% | 4.06 |

_____

|  | Total | 62.30 |
|--|-------|-------|
|  | USD $ | 62.30 |

MasterCard Credit Card
        ***********5878
    Auth #: 00768P
    Transaction Type: Sale
    Entry Method: Chip
    Auth Time: 12:38 PM
    Mode.:  ISSUER

# ⊓ Staples

1825 Tamiami Trail
Port Charlotte, FL 33948
941-764-0555

Sale

_____

REWARDS NUMBER  8814113588

***** REPRINT - REPRINT - REPRINT  *****
********** Not Valid for Refund **********
*****************************************

| Qty | Item | Price | Amount |
|-----|------|-------|--------|

********* Order Number 4042172622*********

**Print From USB**
1    2821515                              49.92     49.92 T
**Item tax manually modified.**

                            Subtotal       49.92
                    Modified Tax: 0%         3.49
_____

                            Total        53.41
                             USD $        53.41

MasterCard Credit Card
       ***********5878
    Auth #: 70218P
    Transaction Type: Sale
    Entry Method: Chip
    Auth Time: 11:09 AM
    Mode.:  ISSUER
    AID.:   A0000000041010
    TVR.:   0080008000
    IAD.:   4732D5632E8DDADB0012
    TSI.:   E800
    ARC.:   3030

*********************************************
The tax on one or more items has been

Transaction # 47274

# ⌐⌐ Staples.

1825 Tamiami Trail
Port Charlotte, FL 33948
941-764-0555

Sale
_____

REWARDS NUMBER    ******3588

*****  REPRINT - REPRINT - REPRINT    *****
**********  Not Valid for Refund **********
*****************************************

| Qty | Item | Price | Amount |
|-----|------|-------|--------|
| | 32GB ELITE TURBO A | | |
| 1 | 751492581613 | 17.99 | 17.99 |

| | | |
|---|---|---|
| Subtotal | | 17.99 |
| FLORIDA 7% | | 1.26 |
| Total | | 19.25 |

Mastercard                                            USD$19.25
Card No. : XXXXXXXXXXXX5878 [C]
Chip Read
Auth No. : 91568P
Mode.: Issuer
AID.: A0000000041010
TVR.: 0000008000
IAD.: 0110607001220000075B900000000000000FF
TSI.: E800
ARC.: 3030

==========================================================================

**Easy Rewards Point Summary**

Points Redeemed Today                                           0
Points Remaining                                             663
Dollars Remaining                                          $3.00